In the Matter of the Application for a Writ of Habeas Corpus by David **L. COLEMAN, Petitioner,**

v.

**Wilfred L. DENNO and Edward S. Silver, Respondents.**

United States District Court
S. D. New York.
May 25, 1962.

Norman Redlich, Daniel A. Gutterman, New York City, for petitioner.

Edward S. Silver, Dist. Atty., Kings County, New York City, for respondents, William I. Siegel, Asst. Dist. Atty., New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respond-

ent Warden, Gretchen W. Oberman, Asst. Atty. Gen., New York City, of counsel.

SUGARMAN, District Judge.

On February 8, 1960 a grand jury in Kings County indicted petitioner David Coleman, charging that on or about November 27, 1959 he did, by striking, choking, strangulation and asphyxiation, cause the death of one Margaret O'Meara.

Represented by assigned counsel, Coleman came to trial before a judge and jury in the County Court of Kings County on October 17, 1960 and was on October 21, 1960 found guilty of murder in the first degree under the felony portion of the appropriate statute; the jury making no recommendation.

On November 10, 1960 the judge in the Kings County Court entered judgment of conviction as found by the jury as aforesaid and sentenced petitioner Coleman to be executed during the week of December 18, 1960.

With the aid of assigned counsel, petitioner Coleman appealed to the Court of Appeals of the State of New York, which on July 7, 1961 (10 N.Y.2d 765, 219 N.Y.S.2d 612, 177 N.E.2d 53) affirmed the judgment of his conviction and set the time for his execution during the week beginning August 14, 1961.

Thereupon, petitioner Coleman pro se moved for reargument of the affirmance of his conviction and for the assignment of counsel to prosecute said reargument.

On October 5, 1961 the Court of Appeals of the State of New York granted Coleman's motion for the assignment of counsel to represent him on the reargument in that court and appointed the same attorney who had by assignment represented Coleman on his appeal from the conviction, to submit such papers or statements deemed advisable on the motion for reargument, in addition to those submitted by respondent Coleman pro se (10 N.Y.2d 815, 221 N.Y.S.2d 520, 178 N.E.2d 234). Apparently the motion for reargument was accompanied by a motion to amend the remittitur.

On December 7, 1961 the Court of Appeals of the State of New York denied petitioner Coleman's motion for reargument of the affirmance of his conviction and granted Coleman's motion to amend the remittitur by requesting the return of the remittitur and upon its return directing its amendment to the extent of stating that on the motion for reargument there was presented an alleged Federal question as to whether the rights of the defendant under the Fifth and Fourteenth Amendments of the Constitution of the United States were violated by the remarks of the prosecutor in summation and that the Court of Appeals held that there was no such violation (10 N.Y.2d 1008, 224 N.Y.S.2d 686).

On December 12, 1961 the Chief Judge of the Court of Appeals of the State of New York granted petitioner Coleman a stay of his execution, limited to 45 days to enable petitioner Coleman to apply to the United States Supreme Court for a writ of certiorari.

On December 14, 1961 petitioner Coleman applied to the Court of Appeals of the State of New York for an order assigning counsel to aid Coleman in the preparation and filing of his petition for certiorari in the Supreme Court of the United States and to perform such other legal services on Coleman's behalf as the requested assigned counsel might deem appropriate.

On January 11, 1962 petitioner Coleman's application for assignment of counsel to prosecute a writ of certiorari in the Supreme Court of the United States was denied by the Court of Appeals of the State of New York. (This decision does not appear to have been reported.)

On January 23, 1962 the Chief Judge of the Court of Appeals of the State of New York extended the stay of Coleman's execution until February 15, 1962 to allow for the filing of a petition for a writ of certiorari in the Supreme Court of the United States.

On February 8, 1962 petitioner Coleman submitted to the Court of Appeals of the State of New York an application

for its reconsideration of its order of January 11, 1962, denying him the assignment of counsel to prosecute a writ of certiorari in the Supreme Court of the United States, claiming that such denial violated the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States.

On February 14, 1962 petitioner Coleman applied for a writ of certiorari in the Supreme Court of the United States for review of the order of the Court of Appeals of the State of New York made January 11, 1962, which denied his application for the assignment of counsel by the Court of Appeals of the State of New York to prosecute a writ of certiorari in the Supreme Court of the United States.

Petitioner Coleman coupled his application in the Supreme Court of the United States on February 14, 1962 with a request that the Supreme Court of the United States extend the 90-day period within which under Rule 22 of the Supreme Court Rules, 28 U.S.C.A., Coleman was required to file a petition for a writ of certiorari to review the affirmance of his conviction, urging that a determination whether the prosecution's comments at his trial violated Federal constitutional guarantees, be deferred until a resolution of his claim that Federal constitutional guarantees were denied him when the Court of Appeals of the State of New York refused to assign counsel to represent him in his application in the Supreme Court of the United States for a writ of certiorari.

On February 22, 1962 the Court of Appeals of the State of New York denied petitioner Coleman's motion of February 8, 1962 for reconsideration of its denial on January 11, 1962 of his application for the assignment of counsel to prosecute his petition for writ of certiorari in the Supreme Court of the United States (11 N.Y.2d 768, 227 N.Y.S.2d 19, 181 N.E.2d 763).

On March 19, 1962 the Supreme Court of the United States denied Coleman's petition for a writ of certiorari (369 U.S. 826, 82 S.Ct. 843, 7 L.Ed.2d 791) without commenting upon the first branch thereof, to wit, Coleman's contention that he was entitled to the assignment by the Court of Appeals of the State of New York of counsel to prosecute his writ of certiorari in the Supreme Court of the United States and without granting the second branch requesting an extension of the time in which he might petition the Supreme Court of the United States for a writ of certiorari to review the validity of his conviction.

Thereupon the District Attorney of Kings County moved before the Court of Appeals of the State of New York for the fixation of a new date for petitioner Coleman's execution.

On March 20, 1962 Professor Norman Redlich, an attorney and counselor at law, duly admitted to practice in the State of New York, wrote to the Court of Appeals of the State of New York requesting that a new date of execution not be fixed until counsel had been assigned to Coleman.

On April 5, 1962 the Court of Appeals of the State of New York fixed the week beginning May 7, 1962 as the date for Coleman's execution and apparently addressing itself to the aforesaid letter of Professor Redlich denied "the cross motion for assignment of counsel".

On April 26, 1962 Judge Archie O. Dawson of this court on Coleman's petition wherein Coleman is represented by Professor Norman Redlich and another attorney, granted Coleman leave to proceed in this court in forma pauperis, granted an order that the District Attorney of Kings County and the Warden of Sing Sing Prison show cause why a writ of habeas corpus should not issue on Coleman's behalf, stayed Coleman's execution until the determination of the said application for a writ of habeas corpus and directed that the respondent Warden retain petitioner Coleman in the said Warden's custody within this district.

Petitioner Coleman is presently imprisoned in the death house at Sing Sing

State Prison, awaiting the determination of this application.

In support of his application for a writ of habeas corpus, Coleman's counsel relies solely upon one point, variously stated in his petition as follows:

"3. I contend that I am denied due process of law and the equal protection of the laws (in violation of the Fourteenth Amendment to the United States Constitution) by my continued imprisonment under sentence of death without counsel assigned to me during the post-appellate period until the time scheduled for carrying out the sentence. I am destitute and cannot hire a lawyer or pay the expenses of such procedures as a lawyer might wish to pursue. I contend that the April 5, 1962, order of the New York State Court of Appeals which scheduled my execution for the week of May 7, 1962—which order was entered upon motion of the Kings County District Attorney under section 503 of the New York State Code of Criminal Procedure—is invalid because I was not represented by assigned counsel who might have answered the motion. I further contend that the State of New York cannot keep me in prison or take further steps toward executing me, so long as I remain without assigned counsel.

   \*    \*    \*    \*    \*    \*

"8. The issue concerning the right of a destitute defendant in a capital case to assignment of counsel during the post-appellate period presents, in my opinion, substantial questions of law."

In support of the petition for the writ of habeas corpus a memorandum of law was submitted by Coleman's attorneys which states the "Constitutional Question Presented" to be:

"Does the Fourteenth Amendment require a State to assign counsel to an indigent defendant in a capital case during the post-appellate period until the execution or other disposition of the case?"

Said memorandum of law indicates with respect to the petitioner Coleman's pro se motion for reargument of the affirmance of his conviction and for the assignment of counsel to prosecute said reargument, which resulted in the order in the Court of Appeals of the State of New York on October 5, 1961, supra:

"The motion and application for counsel were made with the voluntary assistance of Professor Norman Redlich of New York University School of Law who is also counsel to the New York Committee to Abolish Capital Punishment."

In the light of the disclosure that Professor Redlich in some measure voluntarily assisted the petitioner in some of the proceedings subsequent to the affirmance of petitioner Coleman's conviction on July 7, 1961, a hearing was ordered to determine the extent of that "voluntary assistance".

Professor Redlich testified in detail at the hearing that in every step above recounted, subsequent to the affirmance on July 7, 1961 by the Court of Appeals of the State of New York of Coleman's conviction, Professor Redlich, assisted by one or another attorney, not only consulted with Coleman but actually drew every paper submitted to the Court of Appeals of the State of New York, the Supreme Court of the United States and the Governor of the State of New York in connection with a pending clemency hearing. Professor Redlich was careful in many of these instances and in his testimony to point out that he was not retained by Coleman, was acting purely as a volunteer (whose excellent services were admittedly accepted by Coleman), and that he and his fellow attorneys, who were performing all of these services, were doing so for the sole purpose of raising the issue above recited, as being the only issue presented by the instant application, to wit, an indigent defendant's right under the Fourteenth Amendment to the assignment of counsel by the State during the post-appellate period of the case.

The most recent pronouncement of the Supreme Court on the right of a defendant to counsel in a capital case appears to be Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), where the Supreme Court reiterated the language of Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158, that an accused in a capital case "requires the guiding hand of counsel at *every step* in the proceedings against him" (emphasis supplied) and added that "When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted".

In this respect the capital case differs from the non-capital case. Apparently the rule in Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, that in non-capital cases " 'exceptional circumstances' which, under existing law * * * must be present before the Fourteenth Amendment imposes on the State a duty to provide counsel for an indigent accused" still survives. Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); concurring opinion by Mr. Justice Harlan at page 459. Cf. McNeal v. Culver, 365 U.S. 109, 81 S.Ct. 413, 5 L.Ed.2d 445; concurring opinion by Mr. Justice Douglas at page 117.

Although Hamilton dealt with the inception of the prosecution in a capital case, i. e., the arraignment, I see no reason why the rule should be different as to any subsequent stage in the prosecution of a capital charge because in the later stages too "the degree of prejudice can never be known". As Mr. Justice Douglas observed in his foreword to the symposium on "The Right to Counsel" (45 Minn.Law Review 693):

> "The need for counsel exists wherever the procedural and substantive rights of a person may fail to be asserted fully because of his ignorance or inexperience."

■ However, this does not mean that the problem presented is as broad as the petitioner herein states it, namely, that the Fourteenth Amendment requires a State in *every* capital case to *assign counsel* to an indigent defendant during the post-appellate period until the execution or other disposition of the case. I believe that there is no obligation on the part of the State to *assign counsel* to an indigent defendant who has had the benefit of counsel other than by assignment.

The high degree of care and professional skill which Professor Redlich and his associates demonstrated on behalf of petitioner Coleman from July 17, 1961 down to date has afforded petitioner the fullest measure of benefit of counsel which any defendant in like position could hope to have, whether by assignment or private retainer.

■ Notwithstanding the protestation of these volunteer attorneys that they were acting only for the purpose of molding for determination the issue of the claimed right by an indigent defendant to assignment of counsel by the State during the post-appellate proceedings, they have made moot by their exemplary representation of the petitioner the question which they seek to pose, for this petitioner had the maximum in representation from the day the Court of Appeals of the State of New York affirmed his conviction. Under these circumstances I do not believe that he has been denied due process or the equal protection of the law because Professor Redlich, his associates or some other attorney, was not specifically named in an order of the Court of Appeals to perform the functions which in fact they did perform on the petitioner Coleman's behalf.

Accordingly, the petition for a writ of habeas corpus is denied and it is so ordered; no further order is necessary.

The above decision shall constitute the court's findings of fact and conclusions of law.

The above denial of the petitioner's application for a writ of habeas corpus is limited to the issue raised as aforesaid and is not addressed to any other basis which petitioner may have for a writ of habeas corpus in this court, including, but not limited to, alleged prejudicial statements by the District Attorney in sum-

mation, which deprived petitioner Coleman of due process in his trial in the County Court of Kings County.

In order to allow the petitioner Coleman an appropriate opportunity for appeal from this denial of the writ of habeas corpus sought by him or for further application for a writ of habeas corpus on bases other than that herein involved, the respondent Wilfred L. Denno, Warden of Sing Sing State Prison, is directed to retain the said David L. Coleman in his custody within this district and to stay the execution of sentence of death upon the said David L. Coleman until the further order of this court.