David O. Boehm, J.
According to the papers before the court, defendant was convicted of the crimes of burglary in the third *415 degree, petit larceny and criminal trespass, on December 6, 1968, and is now in confinement at the State prison at Attica, New York, pursuant to the ensuing sentence imposed upon him. It does not appear that a notice of appeal was ever filed by or on behalf of defendant, and it would seem that the time to do so has expired.
The defendant now asks that he be provided with a free copy of his entire record on the basis of indigency. However, he does not state the purpose or need for the record and the only specific allegations he makes are as to his lack of funds.
The court is not aware of any authority for granting such blanket and nonspecific request. To date, the fact of indigency does not by itself create rights greater than those enumerated below, whether by Federal or State standards.
Both the United States Constitution and the New York State Constitution guarantee due process and equal protection of the laws (U. S. Const., 14th Amdt., § 1; N. Y. Const. art. I, §§ 6, 11).
In Burns v. Ohio (360 U. S. 252) the United States Supreme Court held the State could not constitutionally require an indigent defendant in a criminal case to pay a filing fee before permitting him to file a motion for leave to appeal in one of its courts. That decision was predicated upon an earlier holding in Griffin v. Illinois (351 U. S. 12) that such a defendant was entitled to a transcript of the record of his trial or an adequate substitute therefor, when needed to effectively prosecute his appeal.
In Smith v. Bennett (365 U. S. 708) the United States Supreme Court went further, holding that the equal protection clause precludes a State from requiring an indigent convicted prisoner to pay a filing fee as a condition precedent to an application for State court habeas corpus.
People v. Montgomery (18 N Y 2d 993) gave an indigent defendant the right to a free copy of the minutes of a preliminary hearing, by extension of section 206 of the Code of Criminal Procedure.
In 1967, the Court of Appeals held that even in the absence of a statutory right, an indigent defendant was entitled to the minutes of a prior trial or of a Grand Jury. (People v. Ballott, 20 N Y 2d 600.)
In 1969, the Court of Appeals extended the rules in the Montgomery and Ballott cases to the minutes of pretrial suppression hearings, but refused to allow unrestricted retroactive application to them, giving them procedural rather than *416 constitutional dimension. (People ex rel. Cadogan v. McMann, 24 N Y 2d 233, 240.)
The right to a free transcript has been extended to stenographic minutes of a hearing> on a coram nobis proceeding. (People v. Panepinto, 18 A D 2d 768; People v. Miner, 18 A D 2d 865; People v. Martindale, 18 A D 2d 866.)
In Lane v. Brown (372 U. S. 477), cited by the defendant, the United States Supreme Court simply found Indiana’s Public Defender Act, enacted in 1945, to be constitutionally deficient by requiring the Public Defender’s approval before an indigent criminal defendant can obtain a free transcript of a record that is a prerequisite to perfecting an appeal from a denial of a petition for a writ of error coram nobis.
Application denied, without prejudice to a further application by petitioner which gives a specific factual basis for the need of a copy of the record.