David O. Boehm, J.
Petitioner’s earlier application for writ of error coram nobis was denied by decision of this court -dated June 17,1969 and order dated and filed June 27,1969.
Petitioner now moves the court for reargument of said application and the court is persuaded by People v. Stewart (26 A D 2d 842) that the motion should be granted.
The affidavit of assigned counsel avers that petitioner was fully apprised of his right to appeal his conviction. The basis for petitioner’s original application was that he had not been informed of his right to appeal.
Petitioner was indicted June 14,1963 for the crime of murder in the first degree and on September 6,1963 pleaded guilty to the crime of manslaughter in the first degree. On September 27, 1963 he was sentenced to a term of imprisonment of not less than 7% years nor more than 15 years and is now at the State Prison at Auburn, New York.
Although the affidavit of his assigned counsel denies the petitioner’s allegations that he was not advised regarding his right to appeal nor as to the steps required to take an appeal and, further, that in pleading guilty petitioner knew and understood that he had been afforded leniency, People v. Stewart (supra) requires a hearing upon the controverted allegations of his petition 1 ‘ unless the facts alleged, even if proved, would not entitle him to the relief sought * * * or his contentions are ‘ conclusively refuted by unquestionable documented proof ’ ’ ’. (See, also, People v. Winslow, 31 A D 2d 561.)
The troublesome question, however, is whether or not a plea of guilty, like conviction after trial, automatically brings a defendant within the purview of People v. Montgomery (24 N Y 2d 130) and People v. Callaway (24 N Y 2d 127). More recently the Court of Appeals required a hearing upon a writ of error coram nobis to vacate a judgment upon a verdict of con *672 viction on the ground that trial counsel had promised to take an appeal but failed to do so. (People v. Baran, 24 N Y 2d 827.) However, each of these decisions involved a judgment of conviction after trial. In no case was a plea of guilty involved.
The court is aware of People v. Garrow (30 A D 2d 618) where the Third Department permitted a hearing after a motion for writ of error coram nobis stating, at page 618: “ A right of appeal exists from a judgment of conviction rendered on a plea of guilty. (Code Crim. Pro., § 517; People v. Nixon, 21 N Y 2d 338.)”
The court is not aware of any similar appellate holding. In fact, there is authority to the contrary at the trial court level. In People v. Grant, (N. Y. L. J., July 10, 1969, p. 10, col. 1), Justice Schweitzer distinguished Montgomery from the case before him in that the defendant, unlike Montgomery, entered a voluntary plea of guilty to a lesser crime. (See, also, People v. James, N. Y. L. J., July 21, 1969, p. 11, col. 7.)
Unlike People v. Garrow (supra), however, the petitioner’s application is bare of any claimed error at any stage of the proceedings upon which to grant an appeal. Nor does he indicate that if resentenced, he would appeal. In effect, what petitioner is requesting is a hearing for a resentencing solely because he was not advised of his right to appeal. Nothing more.
This argument is similar to that recently rejected by this court in People v. Bailey, by decision dated July 16, 1969 and in People v. Rivera (60 Misc 2d 414), decided the same day. In applications to obtain, without charge, copies of the court records, the petitioners did not specify the purpose or use to which the copies were intended to be put or, if obtained, that they would ever be used at all.
There, as here, the court did not intend to indicate that petitioner must first convince it of the soundness of the grounds asserted for an appeal or that some likelihood of success on appeal be first shown. This was the position taken by the Ninth Circuit Court of Appeals, declared error, in Rodriguez v. United States by the U. S. Supreme Court on June 2, 1969 (395 U. S. 327), Justice Marshall, writing for the court, set forth the common sense reason (p. 330). “ Those whose education has been limited and those, like petitioner, who lack facility with the English language, might have grave difficulty in making even a summary statement of points to be raised on appeal. Moreover, they may not even be aware of errors which occurred at trial. ’ ’ (Emphasis supplied.) Here again it is to be noted that Rodrigues, like Montgomery, Callaway and Baran, reaffirms the rule *673 of automatic appeal for no other reason than failure to file a notice of appeal, but only after trial.
It is apparent, therefore, that there is a genuine and reasonable distinction between the post-trial and post-plea situation and an application such as the one at bar, being post-plea, requires at the very least a minimal statement of alleged error from which an appeal is desired. In the absence of any allegations of error, when all that is asserted is a right without a reason, then this court is of the opinion that the application is without substance. The law deals with remedies, not rituals.
The prior decision and order is herewith recalled and the foregoing constitutes the decision of the court. Motion for reargument is granted, and upon reargument the original determination of June 17, 1969 is adhered to. Application denied.