Ormand N. Gale, J.
The above-named defendant has brought a motion which although labeled a “ Motion for Permission to get a Copy of Judge’s Charge Counsel Closing Argument and Jury’s Verdict for the Purpose of doing Research and Submitting Motions to the Court ” will be treated as a motion for free papers.
The defendant was found guilty of murder in the second degree in December, 1965 after a trial by jury before this court, and was sentenced to serve a term of not less than 20 years nor more than his natural life. The Appellate Division, Fourth Department, subsequently affirmed the judgment of conviction (26 A D 2d 618) and defendant’s application for leave to appeal was denied by a Judge of the Court of Appeals.
Subsequently, the defendant brought an application in the nature of a writ of error coram nobis alleging that he was not accorded due process of law in his trial and that his constitutional rights were violated. This motion was denied by the Onondaga County Court (Ormand N. Gale, J.) on June 12,1968.
The defendant’s instant motion papers were wrongly addressed to the Appellate Division in Rochester, New York, and were finally received by this court on December 17, 1969.
The defendant bases his demand for free papers on a United States 'Supreme Court case, Gardner v. California (393 U. S. 367), holding that a defendant is entitled to a transcript of a prior proceeding to advance his cause in a de novo hearing. The hearing referred to in Gardner v. California (supra) must be distinguished from the instant case. The appellate habeas corpus procedure in California designates the appeal technically as an original proceeding. However, in essence it is still an appeal. The basic claim underlying Gardner is the denial to the petitioner of access to the courts, after a denial of a petition of habeas corpus. “ Under California law, while the State has an appeal from an order discharging a prisoner in a habeas corpus proceeding, (Calif. Penal Code, § 1506) the prisoner has no appeal where his petition is denied. See Loustalot v. Superior Court, 30 Cal. 2d 905, 913, 186 P. 2d 673, 677-678. But he may file a petition for habeas corpus either in the intermediate Court of Appeal or in the Supreme Court. (Calif. Const. art. 6, § 10; Calif. Penal Code, § 1475; Rules 50 and 190, Calif. Rules of Court.) As petitioner * * * desired to pursue his remedy in the higher courts, he asked for a free transcript of the evidentiary hearing before the Superior *943 Court.” (Gardner v. California, supra, p. 368.) Alternatively, section 1475 of the California Penal Code provides that an applicant denied habeas corpus relief in a lower court may file an application de novo in a ¡higher court. Thus, the Supreme Court held that in the context of California’s habeas corpus procedure denial of a transcript to an indigent marked the same discrimination as where a 'State granted appeals in criminal cases but in practical effect denied effective appellate review to indigents.
This is not the instant case. The defendant here requests a transcript of specific portions of his trial records for the stated purpose “ of doing research and submitting motions to the court ”.
By statute in New York a defendant is entitled to copies of depositions and statements of the defendant (Code Crim. Pro., § 206) and such right may not be denied by reason of the indigency of the defendant. (People v. Montgomery, 18 N Y 2d 993.) The indigent defendant may also have the stenographic minutes of his trial or hearing for the purpose of bringing an appeal in any case where he is convicted of a crime or where after conviction his coram nobis application to vacate the judgment is denied or dismissed after a hearing at which testimony was taken (Code Crim. Pro., § 456), after timely notice of appeal is filed. In addition, an indigent defendant is entitled to a copy of the return after notice of an appeal is filed from a judgment of a Court of Special Sessions (Code Crim. Pro., § 756).
Case law has added to the rights of indigent defendants the right, in some cases, to the minutes of a prior trial or of a Grand Jury (People v. Ballott, 20 N Y 2d 600) and to the minutes of pretrial suppression hearings. (People ex rel. Cadogan v. McMann, 24 N Y 2d 233, 240; People ex rel. Harden v. McMann, 31 A D 2d 666.) The right has also been extended to free transcripts of stenographic minutes óf a hearing on a coram nobis proceeding. (People v. Panepinto, 18 A D 2d 768; People v. Miner, 18 A D 2d 865; People v. Martindale, 18 A D 2d 866.)
On the other hand, an application by an indigent defendant for a free copy of the entire record of his case was denied in People v. Rivera (60 Misc 2d 414) where no appeal was pending.
The policy of this court, in keeping with the sound administration of the court, has been that free copies of judicial proceedings are not available simply for the purpose of researching the record to see if he may find some error.
The defendant cites People v. Buford (N. Y. L. J., Sept. 25, 1969, p. 15, col. 6 [App. Div., 2d Dept.]) holding that the court *944 must furnish a transcript for “the purpose of making some notes from the records. ’ ’
The instant motion goes on to state: “ Although Petitioner’s (Buford) reason is a little different for wanting the records, Mr. Buford is on direct appeal while Petitioner is seeking to raise .some Points which he believes will help in overturning his second degree murder conviction.”
We submit that this is the decisive difference, and that the defendant may not be furnished copies of judicial proceedings simply for the purpose of “ going on a fishing expedition ”.
To quote Justice Harlan of the United 'States Supreme Court, in Gardner v. California in a dissenting opinion: “ To be sure, a transcript of the prior hearing may be an incidental convenience— so too, would a daily transcript at a criminal trial — but the Fourteenth Amendment does not require a State to furnish an indigent with every luxury that a wealthy litigant might conceivably choose to purchase.” (393 U. S. 372; citing Draper v. Washington, 372 U. S. 487, 496.)
The motion is, therefore, denied.