Joseph P. Kuszyhski, J.
This petitioner was first convicted in this court March 2, 1934 upon his plea of guilty to a reduced charge of murder in the second degree. That judgment was vacated in February, 1953, and the petitioner again entered a guilty plea to murder in the second degree. No appeal was taken from either judgment. The petitioner now seeks an order vacating the sentence imposed on July 3, 1953 upon the ground that he was not advised by the attorneys assigned to his defense or the court of his right to appeal.
The District Attorney resists the application upon the ground that the relief required by the decision in People v. Montgomery (24 N Y 2d 130) is not available when the defendant has pled guilty unless there is a specification of the errors intended to be raised upon the contemplated appeal. Such a distinction, between judgments of conviction following trial and those rendered upon a plea of guilty, was made in People v. Haynes (60 Misc 2d 671) and later followed in People v. Stockwell (61 Misc 2d 188) but the Haynes decision was reversed by the Appellate Division, Fourth Department (33 A D 2d 992) and the matter *407 remanded for a hearing in the trial court. The same result was reached by the Appellate Division, Second Department, in People v. Nostro (33 A D 2d 693) where the defendant had pled guilty in the trial court. The Haynes case is also authority for the proposition that the petitioner in such proceedings is not required to show that the appeal, if taken, will have substantial merit.
The petitioner is therefore entitled to a hearing upon the allegations in his petition to determine whether his failure to file and serve a notice of appeal was attributable to the failure of his counsel to advise him of his right to appeal.