Lawrence Newmark, J.
This is a motion brought on by the petition of a convicted felon for an order directing that he be supplied with a free transcript of the preliminary hearing held in connection with his criminal prosecution.
The petitioner alleges in his supporting affidavit that the court violated certain sections of the Code of Criminal Procedure in conducting the hearing, that he was 1 ‘ inadequately represented and advised” and that as a result he was denied due process and his constitiitional rights thereunder were violated. The petitioner also alleges under oath his indigent status and his inability to pay for the transcript.
In his moving papers, the petitioner relies on People v. Montgomery (18 N Y 2d 993 [1966]). His reliance is well placed. In that case, the defendant requested, prior to trial, a free transcript of a preliminary hearing, and was refused. An appeal *84 was taken from the subsequent judgment of conviction, based on such refusal. ’The Court of Appeals noted (p. 994) that section 206 of the Code of Criminal Procedure affords “ an absolute right to a transcript of the preliminary hearing ” to “ one who is capable of paying for it.”
It follows, then, the court reasoned, that the same absolute right may not be denied to a defendant because of his inability to pay for the transcript. Judge Scileppi, who wrote the majority opinion in Montgomery, re-emphasized that ruling in People v. Matz (23 N Y 2d 196, 198 [1968]), where he stated that “ the defendant is entitled to the transcript notwithstanding his failure to exhibit need or state the purpose for which it will be used” (citing Montgomery). (See, also, Matter of Taylor v. Tippett, 27 A D 2d 703 [4th Dept., 1967].)
It should be noted that the requests for transcripts in the Montgomery case and the Mats case were made prior to trial. However, section 206 of the Code of Criminal Procedure makes no reference to the time when a transcript may be obtained, and apparently it may be obtained at any time, so long as the defendant pays for it. The ruling in Montgomery indicates that an indigent defendant can obtain a free transcript whenever a person who could afford it could obtain one. In fact, in People v. Rivera (60 Misc 2d 414 [County Ct., Monroe County, 1969]) the request for a transcript was made after conviction, while the defendant was jailed, and the court indicated that this alone would not bar the request. Also, the Fourth Department, in People v. Weis (33 A D 2d 654 [1969]) granted the defendant’s application for transcripts of proceedings held in 1954, where no previous request was made.
On the other hand, the Second Department recently took precisely the opposite position in People v. Henriquez (36 A D 2d 627 [1971]). The court denied a request for a transcript of minutes of an identification hearing which was made just prior to trial, on the grounds that the request was untimely. I find no way to reconcile this decision with the other holdings cited above.
Besides the timeliness of the request, another question arises as to what reasons, if any, the defendant must show in order to obtain such a transcript. On the one hand, section 206 of the Code of Criminal Procedure and the Montgomery and Mats cases apparently require no reason at all to be given; only that the defendant wants it and cannot pay for it. Of course, in both cases, the request was made prior to trial.
*85 Conversely, in People v. Rivera (supra, p. 415) the Monroe County Court denied a request for the entire record because the defendant did ‘ ‘ not state the purpose or need for the record and the only specific allegations he makes are as to his lack of funds. The court is not aware of any authority for granting such blanket and nonspecific request.” Similarly, in People v. Griffin (62 Misc 2d 941, 943 [County Ct., Onondaga County, 1970]), it was held that “ free copies of judicial proceedings are not available simply for the purpose of researching the record to see if he may find some error.”
Although not on this question, the decision of the Supreme Court of the United States in Coleman v. Alabama (399 U. S. 1), relative to the defendant’s rights at the preliminary hearings must be taken into account in deciding this motion.
In the instant case, the petitioner does offer some reason for requesting the transcript, and seems to envision an application for a writ of error coram nobis, even though he does not mention such a proceeding by name. Also, it would seem that the quantum of evidence, if any, that must be brought forward to justify obtaining a transcript should be less than the quantum necessary to grant an application for a writ of error and to order a hearing thereon.
The Montgomery and Mats cases, because of their emphatic, unqualified language, are controlling and require that an indigent defendant can get a free transcript at any time that a defendant who can pay can get one. Since section 206 of the Code of Criminal Procedure appears, in turn, to say that a defendant can get a transcript at any time he can pay for one, therefore this petitioner, being indigent, cannot be denied one for inability to pay.
This motion is granted.