■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY RICHARDSON, Appellant.—Judgment, Supreme Court,

New York County (Rena Uviller, J.), rendered September 18, 1989, convicting defendant of two counts of robbery in the first degree, and one count of burglary in the first degree, and sentencing him as a violent predicate felon, to three concurrent terms of 12½ to 25 years, unanimously affirmed.

Defendant and an accomplice gained entry to the victims' apartment, and stole a television, a VCR and other items. During the robbery, the defendant threatened the victims with a 10 inch knife, and hit one of the victims over the head, knocking him down.

A week later, one victim was awakened in the middle of the night by police sirens. Looking out of his window, he saw defendant, handcuffed, being led away in police custody. He notified police on the following day. The other victim identified defendant in a lineup, and both victims positively identified defendant in court.

Defendant's challenge to the prosecutor's comment on summation that although the People had "files and files full of paperwork," their failure to produce physical evidence at trial was not relevant in view of the credible testimonial evidence, was inaptly phrased. However, it is clear from the context of the entire passage that the prosecutor was only distinguishing the quantum of physical evidence from the testimonial evidence. In any event, the objection was not preserved by specific objection at trial, waiving the claim for review (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641), and we perceive no basis to review in the interest of justice.

Defendant failed to object to the Court's instructions in the identification charge, that identity must be proven by the People with "sufficient certainty to preclude any reasonable possibility" of mistaken identification. As such, defendant has failed to preserve the issue for review. Although we note that "reasonable certainty" language has been condemned, and the present instruction is improper *(see, People v Reyes,* 151 AD2d 435; *People v Morris,* 100 AD2d 600), in view of the strong identification evidence, and the absence of other errors which affect the substantive rights of defendant, we decline to review in the interest of justice.

Finally, when counsel, on cross-examination, elicited that the victim saw defendant on a later occasion but did not call the police, the People could properly establish on re-direct that the victim had seen defendant being arrested on an unrelated crime, thus obviating any imminent need to call police. The court then provided a limiting instruction with

respect to this testimony, that it must not be considered as proof of the charged crime. Defendant failed to object to the court's limiting instruction, thereby waiving it for review. As such no review in the interest of justice is warranted. Concur —Murphy, P. J., Carro, Ellerin, Wallach and Asch, JJ.