■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN COPPEDGE, Appellant.—Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.), rendered June 27, 1990, convicting defendant, after a jury trial, of two counts of felony murder in the second degree, and sentencing him to consecutive terms of imprisonment of 20 years to life, unanimously affirmed.

Two indictments charging defendant with separate shootings several weeks apart were joined pursuant to CPL 200.20 (2) (c) on the ground that they involved the same or similar statutory provisions. Defendant argues that the indictments should not have been joined because of a substantial possibility that the jury would find him guilty of both homicides based on the cumulative effect of the combined evidence rather than on separate analyses of the evidence relating to each crime. We disagree.

The only commonality in the evidence was a witness who circumstantially connected defendant to both crimes, and heard him make inculpatory remarks concerning each. The proof with respect to both of the crimes was relatively uncomplicated, well established, and easily amenable to separate consideration by the jury *(see, People v Lane,* 56 NY2d 1; *People v Streitferdt,* 169 AD2d 171, *lv denied* 78 NY2d 1015). The court carefully instructed the jury on the need to evalu-

ate each separate crime, instructions to which defendant did not object and the jury is presumed to have followed *(People v Berg,* 59 NY2d 294, 299-300; *People v Casiano,* 138 AD2d 892, 894, *lv denied* 72 NY2d 857).

Defendant's contention that the court erred in charging the jury that "[t]he identity of a defendant as the individual who committed the crime must be demonstrated with sufficient certainty as to preclude a reasonable possibility of mistake" is unpreserved, and we decline to review in the interest of justice in view of the overwhelming evidence of guilt of both crimes *(see, People v Richardson,* 172 AD2d 438, *lv denied* 78 NY2d 925). In any event, were we to review the issue in the interest of justice, we would find that although such "reasonable certainty" language is objectionable *(supra),* the charge as a whole nevertheless conveyed the appropriate standard of proof. We would make a similar finding with respect to defendant's unpreserved objection to the court's "two inference" instruction *(see, People v Cruz,* 172 AD2d 383, *lv denied* 78 NY2d 964). Concur—Milonas, J. P., Kupferman, Ross and Smith, JJ.