OPINION OF THE COURT
Gary J. Weber, J.
The defendant, pro se, by notice of motion made returnable *659 August 25, 1994 has moved this court to compel the District Attorney to permit the defendant to cause certain physical evidence allegedly held by that office in connection with its prosecution of the defendant to be subjected to DNA and other forensic analysis to be conducted by defendant’s expert and other related relief.
The People have opposed the defendant’s application by way of an affidavit in opposition dated August 25, 1994 submitted by Assistant District Attorney Glenn Green, Esq.
The question presently before this court is not whether the defendant’s judgment of conviction should be vacated pursuant to CPL article 440, or otherwise, but whether the defendant can be precluded from seeking scientific proofs which alone or in conjunction with other evidence may demonstrate his actual innocence.
In Herrera v Collins a majority of the Court acknowledged that a convicted person may have a right to habeas corpus relief on the grounds that to punish a person who is actually innocent is cruel and unusual punishment[1] and a denial of due process.[2] The Herrera Court also determined that the petitioner there had failed to make a truly persuasive showing of "actual innocence” and for that reason did not reach all of the constitutional issues presented by the case. (Herrera v Collins, 506 US —, 113 S Ct 853 [1993].)
Under New York law, the Governor is granted the authority to pardon a defendant on the ground of his innocence of the crime for which he or she has been convicted. (Executive Law §19.)
It is not logical on the one hand, to recognize a constitutional right to assert a claim of innocence (Herrera v Collins, supra) or a statutory right (Executive Law § 19) and, on the other hand, preclude a convicted defendant from access to materials which theoretically may form all or a part of the required legal basis necessary to pursue these remedies.
The prosecution directs the court to CPL 440.30 (1-a) which became effective August 2, 1994: "In cases of convictions occurring before January first, nineteen hundred ninety-six, where the defendant’s motion requests the performance of a forensic DNA test on specified evidence, and upon the court’s determination that any evidence containing deoxyribonucleic *660 acid ('DNA’) was secured in connection with the trial resulting in the judgment, the court shall grant the application for forensic DNA testing of such evidence upon its determination that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant” (emphasis supplied).
Executive Law § 995 (1) and (2) was concomitantly enacted with CPL 440.30 (1-a) and it defines both forensic laboratories and forensic DNA laboratories as being laboratories operated by the State or a unit of local government which perform such tests in the course of their business.
These new sections provide a narrowly circumscribed defendant’s right to request forensic testing to be done by the State or a unit of local government if such tests are otherwise regularly performed by them. They are silent as to testing to be done on materials held by law enforcement authorities which a defendant may wish to analyze at his or her own expense.
There is no provision in any of the newly enacted legislation that in any way relates to DNA testing done at private expense by a private laboratory. Consequently, this court cannot interpret CPL 440.30 (1-a) so as to limit the defendant’s right to attempt to demonstrate his actual innocence through the performance of tests made at his own expense. (See in this regard, Dabbs v Vergari, 149 Misc 2d 844 [1990].)
It may be true, as the People contend, that any motion to vacate the judgment of conviction will not ultimately succeed. It does not follow, ipso facto, that the defendant should be denied an opportunity to undertake scientific analysis of such evidence as may be available from the District Attorney’s office for the purposes of advancing his cause however remote the possibilities of success may appear.
Moreover, this is not to say that, even if the defendant does, as a result of the proposed testing, come forward with some scientific determination or determinations which he would then wish to urge in furtherance of his ends, that these can necessarily be considered by the court in light of the posttrial procedural posture of this case and the generally applicable rules pertinent thereto. It is only to say that, for the moment, no one, least of all this court, is in a position to divine what, if anything, may be brought to light as a result of the defendant’s proposed excursion.
*661 Accordingly, the defendant’s application is granted to the extent that he may, within 30 days of the date of this order, cause his own scientific experts, at his own cost and expense, to contact the appropriate authorities within the District Attorney’s office for the purpose of arranging for the testing of any materials which may be in the hands of the law enforcement authorities relating to the instant application.
It is incumbent upon the defendant to move forward as quickly as is practicable in order to complete the testing which he has requested inasmuch as it would be unfair to require the District Attorney to bear the burden of the custody and safekeeping of all of these materials indefinitely.
In the event that a procedure satisfactory to both sides cannot be mutually agreed upon within 60 days of the date of this order, either party is authorized to make application to the court for direction.
In all other respects the defendant’s application should be, and hereby is, denied.

. US Const 8th Amend.

. US Const 14th Amend.