■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO JONES, Appellant. [650 NYS2d 642] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered April 7, 1994, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of $3^1/2$ to 7 years and 2 to 4 years, respectively, unanimously affirmed.

The trial court properly denied this indigent defendant's mid-trial request for a copy of the minutes of the earlier trial testimony of the victim and her cousin, who were recalled to the stand after defense counsel's cross-examination of a detective suggested that they had not provided him with a description of defendant prior to viewing him at the precinct, since defendant could have had the very brief testimony read back by the reporter (*see, People v Zabrocky*, 26 NY2d 530, 536; *People v Abdullah*, 23 NY2d 676).

The court's instruction that the jury may consider the nature of the crime and defendant's explanation for the circumstances of his conviction, which contradicted its earlier *Sandoval* ruling limiting the prosecutor's inquiry of defendant to whether he had been convicted of a felony, did not deprive defendant of a fair trial. The charge as a whole conveyed the principle that the jury must not speculate about any evidence and should use the conviction solely to assess defendant's credibility. Defendant's claims regarding the identification charge are unpreserved (*see, People v Coppedge*, 180 AD2d 613, 614, *lv denied* 80 NY2d 829), and we decline to review them in the interest of justice. We have considered defendant's remaining contention and find it to be without merit. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.