OPINION OF THE COURT
Dena E. Douglas, J.
Defendant Leonard Gill is charged with criminal possession of marihuana in the fifth degree (Penal Law § 221.10) and unlawful possession of marihuana (Penal Law § 221.05). Defendant moves as an indigent person to have the People carry out DNA testing of a marihuana cigarette that was alleged by the arresting officer as seen in defendant’s mouth on the theory that should defendant’s DNA not be present on the cigarette it would provide exculpatory evidence to support defendant’s claim of innocence. The People have not opposed defendant’s motion.
A basic tenet of our legal system is that “[i]t is abhorrent to our sense of justice and fair play to countenance the possibility that someone innocent of a crime may be incarcerated or otherwise punished for a crime which he or she did not commit” (People v Tankleff, 49 AD3d 160, 177 [2d Dept 2007]). Indeed, “[t]he greatest crime of all in a civilized society is an unjust conviction” (People v Ramos, 201 AD2d 78, 90 [1st Dept 1994]).
Two issues arise here, however, that need to be addressed:
1. Do defendant’s rights as an indigent person include entitlement to DNA analysis upon demand?
2. Because exculpatory evidence might be present, are the People required to perform a DNA analysis that they might otherwise find unnecessary?
Defendant’s Rights
Gideon v Wainwright guaranteed the most basic of right of an indigent defendant: the right to representation by counsel. (372 US 335 [1963]; People v Margan, 157 AD2d 64 [2d Dept 1990]; People v Smith, 243 AD2d 738 [2d Dept 1997].) Since that time indigent defendants have been found eligible for other entitlements: a constitutional right to a free copy of the minutes of a prior trial or of proceedings before the grand jury (People v Ballott, 20 NY2d 600 [1967]), the right to a free copy of the *248 transcript of a preliminary suppression hearing (People v Montgomery, 18 NY2d 993 [1966]; People v West, 29 NY2d 728 [1971]), and the right to receive any and all exculpatory material that the People may have in their possession (Brady v Maryland, 373 US 83 [1963]).
The rights of an indigent defendant are not, however, unlimited. Although an indigent defendant is entitled to a transcript of his/her trial, s/he is not entitled to daily minutes (People v Abdullah, 23 NY2d 676 [1968]). In People v Jones (234 AD2d 16 [1st Dept 1996]), the trial court properly denied an indigent defendant’s mid-trial request for a transcript of earlier trial testimony on the ground that the testimony could easily have been read back. Indeed, the defendant is not entitled to a free transcript of trial minutes at all unless a notice of appeal has been filed. (People v Rivera, 60 Misc 2d 414 [Monroe County Ct 1969]; People v Griffin, 62 Misc 2d 941 [Onondaga County Ct 1970]; see also Coleman v Denno, 205 F Supp 510 [SD NY 1962] [indigent defendant was denied writ of habeas corpus or the assignment of counsel where volunteer attorneys were ably assisting him].)
DNA testing procedures are described and defined in Executive Law § 995. Executive Law § 995 (1) and (2) were enacted concomitantly with CPL 440.30 (1-a). They narrowly circumscribe defendant’s right to request by post-conviction motion that forensic testing be done by the State or a unit of local government if such tests are otherwise regularly performed by them. (People v Chichester, 162 Misc 2d 658 [Suffolk County Ct 1994]; Matter of Washpon v New York State Dist. Attorney, Kings County, 164 Misc 2d 991 [Sup Ct, Kings County 1995].) These sections are silent as to testing during pretrial. Nothing in the Executive Law or CPL 440.30 has been construed to create or impose an affirmative obligation upon laboratories, police departments, district attorneys, or any other law enforcement agencies or personnel regarding the pretrial performance of DNA testing.
We find therefore that nowhere is there an obligation for the State or local government to carry out pretrial forensic testing at the behest of an indigent defendant. We decline to provide that right to this defendant. Defendant’s request is preserved, however, and may be considered on appeal or in conjunction with any post-conviction motion.
People’s Duty to Perform Pretrial DNA Testing
The People unquestionably have a duty to disclose exculpatory material in their possession (Brady v Maryland, 373 US 83 *249 [1963]) but they also have a right to develop and present such evidence to the trier of fact as they see fit in order to make their case. Nor is evidence exculpatory before it exists — in other words, the People cannot be held to have committed a Brady violation where the possible exculpatory evidence has not been created and is therefore not in their possession.
A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused or where there is a “reasonable probability” that a different verdict would have resulted from disclosure of the information that the defendant claims was suppressed (United States v Rodriguez, 496 F3d 221, 226 n 4, 227 [2007]). The objectives of fairness to the defendant, as well as the legal system’s objective of convicting the guilty rather than the innocent, require that the prosecution make the defense aware of material information potentially leading to admissible evidence favorable to the defense. (Ibid. at 226 n 4.) Here, however, defendant is already aware of the existence of the marihuana cigarette that might contain potentially exculpatory evidence but seeks to compel the People to go on a fishing expedition to determine whether his DNA is present whereas the People’s position may be that DNA testing is unnecessary for the prosecution of their case. (See People v Vasquez, 12 Misc 3d 1163[A], 2006 NY Slip Op 51018[U] [Sup Ct, Bronx County 2006].)
Accordingly, at this time no Brady violation occurred.
At the present time it is unreasonable to compel the People to carry out testing that they might voluntarily undertake. We remind the People that should the test be carried out they are required by Brady to share the results with defendant.
Defendant’s motion to compel the People to carry out pretrial DNA testing is denied.