Chief Judge Desmond.
Defendant appeals from a unanimous no-opinion affirmance of a judgment sentencing him on a conviction of burglary third degree.
' We reverse because we accept defendant’s argument that his privilege against self incrimination was violated by the trial court’s remarks concerning his failure to take the witness stand. A police officer testified that about five months after the alleged crime he arrested defendant in a subway station in Brooklyn. Without objection on direct examination the officer swore that at the time of the arrest .he asked defendant where the latter had been since the alleged burglary and that defendant ‘6 said that he knew the police were looking for him and that he did not go home * * * that he had been in various parts of New Jersey and Connecticut ”. On cross the policeman was again asked about this conversation and added that defendant had denied that he had committed the crime but had then remarked that he knew he would be accused and did not want to be accused of something he had not done. This denial of guilt properly came into evidence as part of a conversation previously testified to (see People v. Gallo, 12 N Y 2d 12, 15-16).
During his charge to the jury the court said this: " The detective took the witness-stand and testified that he came to the apartment. He described the condition of the door. He said he sounded an alarm for the defendant. He said that some six months later he met the defendant in the subway and he asked the defendant where he had been. The defendant said, well, he knew he was wanted but he kept away — he knew the police wanted him. The detective says the defendant stated, ‘ I did not do it.’ Well, that bears only on the question of the flight as to whether or not there was a consciousness of guilt. The defendant’s statement to the detective, ‘ I did not do it,’ is not evidence in this case as to whether he did or did not. Is that plain English? It merely bears on the question of' whether or not there was flight in this case, namely, a consciousness of guilt. But his statement to the detective does not take the place of sworn testimony from this witness chair. I don’t want this jury to be confused on that point, because after all is said and done you are laymen, you are not lawyers. I want to make it crystal-clear that the mere fact that he said to the detective, ‘ I did not do it, ’ does not *171 take the place of sworn testimony from this witness chair. Is that plain English? I will come to that feature of the case later, so that the charge should be properly made in this case concerning the failure of the defendant to take the stand. I do not want the jury to be confused on that point. That is why I elaborate upon it.” Later on in the charge the court told the jury that defendant had not testified but that this “must not-create any unfavorable inference or presumption against him ’ ’ and was not evidence of guilt.
We hold that the first above-quoted instructions were seriously erroneous and prejudicial. Properly in the case was testimony from the officer that defendant had denied guilt. Yet the court without request from anyone twice volunteered the statement that such a statement by defendant did “ not take the place of sworn testimony from this witness chair”. That was an improper reference to his failure to take the stand, of the same kind and the same prejudicial effect as those described in People v. Minkowitz (220 N. Y. 399); People v. Leavitt (301 N. Y. 113); People v. Hetenyi (304 N. Y. 80) and other similar decisions. True, the Trial Judge later charged the law as in section 393 of the Code of Criminal Procedure but the trouble was that he had already committed reversible error by his earlier remarks in this connection. This court long ago warned that 1 ‘ In the trial of a criminal case it can never be necessary to add anything to the plain and simple language of the statute ”, that any statement of a Trial Judge which tends to deprive a defendant of the full protection of the statute is reversible error and that the force of the constitutional protection is not to be weakened by qualifying words (see People v. Fitzgerald, 156 N. Y. 253, 266; People v. Forte, 277 N. Y. 440, 443; People v. Manning, 278 N. Y. 40, 44).
Our next inquiry is as to whether defendant complied with section 420-a of the Code of Criminal Procedure which requires that to a charge an exception must be “expressly noted”. There is no such exception in this record. Defendant says he complied with section 420-a by asking the court to charge the jury that the court had expressed no opinion and had no opinion “as to whether this woman is telling the truth or not ”. The Trial Judge then asked the jury whether he had expressed any opinion. The jurors shook their heads. The *172 Judge refused to charge as requested and defendant excepted. It would be farfetched to cite this as an express exception to the court’s remarks about failure to take the stand. Defendant insists, however, that no exception is necessary to preserve for appellate review a deprivation of a fundamental constitutional right. This is correct under our decisions (People v. Bradner, 107 N. Y. 1, 5; Cancemi v. People, 18 N. Y. 128; People v. Miles, 289 N. Y. 360, 363, and see, also, Henry v. Mississippi, 379 U. S. 443). In Malloy v. Hogan (378 U. S. 1) the Supreme Court held that the privilege against self incrimination was guaranteed by the Fourteenth Amendment and that the Connecticut courts had been in error in insisting that the point was not preserved because not preserved pursuant to Connecticut practice. Malloy, overruling earlier precedents, declared for the first time that compulsory self incrimination is now protected by the Fourteenth Amendment against abridgement by the States. We hold, accordingly, that the Trial Judge’s remarks on the trial of this present ease violated defendant’s Federal and State constitutional rights as against self incrimination (see Stewart v. United States, 366 U. S. 1, and cases cited therein) and that the absence of an exception is immaterial.
The judgment should be reversed and a new trial ordered.
Judges Dye, Fuld and Burke concur with Chief Judge Desmond ; Judges Van Voorhis, Scileppi and Bergan dissent and vote to affirm.
Judgment reversed, etc.