■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIANO ABREU, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 15, 1978, convicting him of arson in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. We find that the defendant was denied a fair trial because of several errors and omissions in the court's charge to the jury. Particularly prejudicial were the *court's instructions concerning* the defendant's decision not to testify. By having told the jury that the law gives the defendant the right to take the stand and tell his version of what transpired, the court improperly allowed the inference that perhaps the defendant should have come forward, thereby diluting the instruction that the defendant has the right to remain silent. All that is required of the Trial Judge is the simple and clear instruction that the defendant's failure to testify is not a factor from which any unfavorable inference may be drawn (see CPL 300.10). The court's more extensive comments, no matter how well intentioned, could serve only to improperly allow the jury to draw an unfavorable inference from the defendant's decision not to testify. Also

erroneous were the trial court's prefatory comments that such instruction was being given at defense counsel's request (see *People v McCargo,* 67 AD2d 955; *People v Strawder,* 54 AD2d 743). The court repeated this error when it advised the jury that it was giving a supplemental instruction on reasonable doubt at defense counsel's request. Also significant was the court's failure to give any charge on the issue of circumstantial evidence (see *People v Benzinger,* 36 NY2d 29). We further note that the court read the indictment to the jury, but failed to properly charge that the indictment is of no evidentiary value. Finally, the basic tenor of the court's instructions may have created the impression that the court believed the defendant to be guilty. A particularly flagrant example is the following excerpt: "What is important is this: When you go to your jury room and you put your twelve heads together, and you begin to analyze this case that you come up with a verdict that is satisfactory to you all, that this defendant was a participant in the making of the fire in the premises in question and that you will render a verdict without fear, without favor, without sympathy. Sympathy plays no part and it should play no part in the minds of the jury." This language implies that the jurors should not shirk their responsibility of finding the defendant guilty. Such an implication must be studiously avoided since it is necessarily prejudicial to the defendant. For the above reasons, we conclude that the defendant is entitled to a new trial. Hopkins, J. P., Mangano, Gibbons and Rabin, JJ., concur.