■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ECCLESTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 29, 1975, convicting him of murder (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. The application of defendant, as noted in his *pro se* brief, to relieve counsel and proceed *pro se* is granted. Defendant's *pro se* brief has been accepted and considered. Hopkins, J. P., Lazer and Cohalan, JJ., concur.

Titone, J., dissents and votes to remand the case to Criminal Term for a further hearing and to hold the appeal in abeyance in the interim, with the following memorandum: In *Dunaway v New York* (442 US 200, 217), the United States Supreme Court held that the prosecution has the burden of proving that the illegal arrest of a defendant and any subsequent statements made by him were sufficiently attenuated, thus permitting such statements to be used at the trial because they were not the result of the illegal arrest. Among the factors to be considered in determining whether a defendant's statement should be admitted are: (1) the temporal proximity of the arrest and the confession or admission; (2) the presence of intervening circumstances; and (3) the purpose and flagrancy of official misconduct (*Dunaway v New York, supra,* p 220 [Stevens, J., concurring]). The prosecution herein does not seriously controvert defendant's assertion that at the *Huntley* hearing it did not establish probable cause for his arrest, and that it failed to address itself to any of the three factors enunciated in Justice Stevens' concurring opinion in *Dunaway (supra).* However, the prosecution does contend that defendant, having failed to raise the illegal arrest issue at the *Huntley* hearing (where admittedly he proceeded on the basis that his statement was involuntarily made by him), had waived his right to raise a violation of his Fourth Amendment rights on appeal. In sum, the prosecution argues that because it was not put to its proof at the *Huntley* hearing to show that the actions of the police were legal, and, if not, that the subsequent statement of defendant was sufficiently attenuated, the claim should now be deemed waived. I disagree. Undeniably the voluntariness of defendant's statement was challenged at the *Huntley* hearing. What is raised on appeal by defendant is merely another aspect of the same issue, to wit, the effect of the illegal detention on the voluntariness of his confession or admission. In my opinion, since the illegality of defendant's detention is a factor which should have been considered in determining whether his subsequent statement was voluntarily made (see *People v Anderson,* 46 AD2d 150), the fact that there was a shift on appeal by defendant in theory or emphasis, of one prong of attack to another, does not constitute a failure to preserve the issue for appellate review (cf. *People v De Bour,* 40 NY2d 210, 215). Moreover, in view of the fact that the record as now constituted, indicates that defendant had been deprived of his Fourth Amendment rights, this court should review not only such deprivation but any subsequent prosecutional actions stemming therefrom, whether or not specific reference was made thereto at Criminal Term (cf. *People v McLucas,* 15 NY2d 167; *People v Arthur,* 22 NY2d 325). It should also be observed that, in the alternative, an intermediate appellate court may, notwithstanding the absence of timely request, objection, or exception, take appropriate action in the interest of justice where illegal evidence was considered by a

jury in arriving at a verdict. In my opinion the interest of justice would best be served if the case at bar were remanded for a further evidentiary hearing to determine whether defendant's statement was truly voluntary in light of his evident illegal detention, and the appeal were held in abeyance pending such hearing. This course of action would afford defendant the maximum protection of his constitutional rights and allow the prosecution sufficient opportunity to demonstrate that the police acted in accordance with the law at the time defendant made an inculpatory statement.