■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McCLOUD, Appellant. — Appeal from a judgment of the County Court of Greene County, rendered June 26, 1979, upon a verdict convicting defendant of the crimes of assault in the third degree and promoting prison contraband in the first degree. Judgment affirmed. No opinion. Kane, J.P., Main, Yesawich, Jr., and Weiss, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. In its charge to the jury, the

trial court, in the process of instructing on lesser included offenses, erroneously misstated the law by stating in pertinent part: "If you find on the basis of the believable evidence and beyond a reasonable doubt that the defendant is not guilty of [second degree assault] * * * you may then consider [attempted second degree assault]". The same misstatement was repeated twice again in introductions to the next lesser included offenses of third degree assault and menacing. In response to the request of the jury, the court repeated the entire charge as to the first count of the indictment and, here, once again, in referring to lesser included offenses, the same misstatements were repeated. Thus, the trial court in these several instances incorrectly stated that the innocence of defendant must be proven beyond a reasonable doubt. Although initially the court had properly instructed on presumption of innocence, burden of proof and the elements of the crimes charged, the erroneous instructions, several times repeated, relating to the basic constitutional rights of the defendant, threw into confusion its earlier instruction. Although no objection to the charge was made by defense counsel, in view of the fact that the error related to a variance from lawful procedure so as to possibly irreparably taint the trial, it can be reviewed on appeal *(People v Patterson,* 39 NY2d 288, affd 432 US 197). A defendant in a criminal case cannot waive, or even consent, to error that would affect the organization of the court or mode of proceedings prescribed by law *(People v McLucas,* 15 NY2d 167; *People ex rel. Battista v Christian,* 249 NY 314, 319; *Cancemi v People,* 18 NY 128, 138). In speaking on the question of trial error, the Court of Appeals, in *People v Crimmins* (36 NY2d 230, 237), has stated that where constitutional error has occurred, it is deemed harmless where there is no reasonable possibility that the error might have contributed to defendant's conviction and where it was harmless beyond a reasonable doubt. I conclude that the cumulative effect of the erroneous instructions, involving as they do a fundamental right of the defendant, was to confuse the jury and thus resulted in prejudice to the defendant. Therefore, in line with the test enunciated by our highest court, the judgment should be reversed and a new trial ordered.