■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CONCEPCION, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bianchi, J.), rendered June 25, 1984, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

Because several of the trial court's instructions to the jury with respect to the decision of the defendant not to testify were prejudicial, and because the errors in those instructions were further compounded by an improper remark made during summation by the prosecutor, the defendant was deprived of a fair trial.

During the preliminary instructions to the jury regarding both the duty of the prosecutor and the right of the defense to present an opening statement *(see,* CPL 260.30 [3], [4]), the court remarked that the defendant "doesn't have to prove anything, so if the defendant says, 'I don't intend to take part in this thing at all. I'm really standing back here and saying, "Go ahead. Prove it if you can." ' So if he takes that attitude, then he does not have to open to tell you what he intends to prove and that's why it's permissible".

During the course of his summation, the prosecutor stated that "you have only heard from the People's witnesses".

Thereafter, the court in its charge extensively elaborated upon the plain wording of CPL 300.10 (2), which elaboration involved descriptive but otherwise inappropriate language, including a statement that "[t]he law has given him the right in effect to say to the Prosecution prove your case against me. It is my judgment that the situation is such that I am not bound to take the witness stand, and the law gives me that right, and the law gives me that privilege".

There is no longer any question "that any statement of a Trial Judge which tends to deprive a defendant of the full protection of the statute is reversible error and that the force of the constitutional protection is not to be weakened by qualifying words" *(People v McLucas,* 15 NY2d 167, 171; *see, People v Fitzgerald,* 156 NY 253, 266; *People v Abreu,* 74 AD2d 876; *People v Gonzalez,* 72 AD2d 508; *People v Murray,* 64 AD2d 916). The extensive comments addressed to the failure of the defendant to take the stand, no matter how well intentioned, were improper in that they went far beyond the ambit of the statute and allowed the jury to draw an unfavorable inference against the defendant by virtue of his decision not to testify. Those remarks drew the attention of the jury to the defendant's silence, and implied that the decision not to testify was a tactical maneuver and not the exercise of a constitutional right. Bracken, J. P., Lawrence, Eiber and Spatt, JJ., concur.