■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered December 1, 1986, convicting him of robbery in the second degree (two counts), grand larceny in the third degree, criminal possession of stolen property in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the defendant's conviction of grand larceny in the third degree from an indeterminate term of 3 to 6 years' imprisonment to an indeterminate term of 2 years' to 4 years' imprisonment; as so modified, the judgment is affirmed.

The defendant's challenge to the trial court's instructions to the jury regarding his failure to testify is properly before us. Although no objection was raised in the trial court, none was required to preserve the issue for appellate review (see, People v Ahmed, 66 NY2d 307, 310, rearg denied 67 NY2d 647; People v McLucas, 15 NY2d 167; People v Soto, 146 AD2d 657; People v Morris, 129 AD2d 591). However, the defendant was not

deprived of a fair trial even though the instructions exceeded the plain and simple language of CPL 300.10 (2) *(see, People v Ogle,* 142 AD2d 608; *People v Morris, supra; cf., People v McLucas, supra).* The instructions were neutral in tenor and were not so extensive as to prejudicially draw the jury's attention to the defendant's failure to testify *(see, People v Ogle, supra,* at 609; *People v Morris, supra; cf., People v Concepcion,* 128 AD2d 887, *lv withdrawn* 69 NY2d 1002; *People v Abreu,* 74 AD2d 876). In view of the overwhelming evidence of guilt, there is no reasonable possibility that the error contributed to the defendant's conviction *(see, People v Crimmins,* 36 NY2d 230, 237).

The court's instruction with respect to the presumption of innocence was adequate for the purposes of conveying to the jury the significance of that fundamental safeguard *(cf., People v Roldos,* 112 AD2d 388). The instruction as to the burden of proof was also sufficient as it indicated that the burden of proof never shifted from the People to the defendant. The charge, viewed in its entirety, properly informed the jury that the People were required to prove the defendant's guilt of every element of the crimes charged beyond a reasonable doubt.

While the defendant objected to certain remarks made by the prosecutor in her opening statement, the defendant failed to object to the court's subsequent curative instructions with respect to those comments. Consequently, any issue of law with respect to those comments is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Palemon,* 131 AD2d 513), and we decline to review them in the interest of justice.

Finally, the defendant's sentence of 3 to 6 years as a second felony offender, imposed upon his conviction for grand larceny in the third degree (Penal Law former § 155.30 [5]) was illegal. The maximum sentence which the defendant could have received as a second felony offender for that class E felony was 2 years to 4 years *(see,* Penal Law § 70.06 [4] [b]; [3] [e]). Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.