(June 22, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DIGGS, True Name YEMERIAH YISRAEL, Appellant.—Judgment of the Supreme Court, New York County (Kenneth Shorter, J.), rendered on March 24, 1987, convicting defendant, following a jury trial, of robbery in the second degree and sentencing him to an indeterminate term of imprisonment of from 1½ to 4½ years, is unanimously affirmed.

Defendant challenges, in part, the court's charge to the jury regarding defendant's failure to testify. In that connection, the court instructed the jury as follows:

"Section 300.10 of the Criminal Procedure Law provides in part at subdivision 2, upon request of a defendant who did not testify in his own behalf, but not otherwise, the Court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn.

"I charge you that the fact that the defendant, Yemeriah Yisrael, has not testified is not a fact upon which any inference, unfavorable to the defendant, may be drawn.

"The fact that the defendant chose not to take the witness stand or to testify in his defense may not be used against him.

"The law has given him the right to say to the prosecution, prove your case against me.

"It is my judgment that the situation is such that I am not bound to take the witness stand.

"The law gives me that right and the law gives me that privilege. This is the rule in this and every other criminal case that every defendant has this privilege and the right to rely upon it."

Defendant did not object to the first portion of the subject charge at trial or on appeal (paras one and two) but only to the second part. The remainder of the instruction pronounced by the court (the last four paras) is substantially similar to the phrasing approved by the Court of Appeals in *People v Hayes* (140 NY 484, 496-497), a case which has never been overruled. While the Second Department has criticized the inclusion in an instruction to the jury of some of the same language involved here *(see, People v Reid,* 135 AD2d 753; *People v Concepcion,* 128 AD2d 887), in neither instance was reference made to the contrary precedent established in *People v Hayes (supra).*

It should be noted that the law on this issue is not entirely clear. In *People v McLucas* (15 NY2d 167, 171), the Court of Appeals declared that " '[i]n the trial of a criminal case it can never be necessary to add anything to the plain and simple language of the statute', that any statement of a Trial Judge which tends to deprive a defendant of the full protection of the statute is reversible error and that the force of the constitutional protection is not to be weakened by qualifying words". The comments by the Judge therein which the Court of Appeals found highly objectionable were the following: " 'The detective says the defendant stated, "I did not do it." Well, that bears only on the question of the flight as to whether or not there was a consciousness of guilt. The defen-

dant's statement to the detective, "I did not do it," is not evidence in this case as to whether he did or did not. Is that plain English? It merely bears on the question of whether or not there was flight in this case, namely, a consciousness of guilt. But his statement to the detective does not take the place of sworn testimony from this witness chair. I don't want this jury to be confused on that point, because after all is said and done you are laymen, you are not lawyers. I want to make it crystal-clear that the mere fact that he said to the detective, "I did not do it," does not take the place of sworn testimony from this witness chair. Is that plain English? I will come to that feature of the case later, so that the charge should be properly made in this case concerning the failure of the defendant to take the stand. That is why I elaborate upon it.' " *(Supra,* at 170-171.)

The Judge thereafter advised the jury that defendant had not testified but that this " 'must not create any unfavorable inference or presumption against him' " and was not evidence of guilt *(supra,* at 171). Accordingly, the Court of Appeals in *People v McLucas (supra)* reversed the judgment and directed a new trial. The ruling in that case was reaffirmed more recently in a footnote in *People v Rogers* (48 NY2d 167, 174-175, n 3), wherein the Court of Appeals asserted that "[d]efendant raises as another point on this appeal that the trial court erred when it informed the jury that the defendant had requested the charge that no inferences were to be drawn from the defendant's failure to testify. Defendant failed to object to the charge and thereby failed to preserve this issue for review. In any event, in light of the disposition of this case, it is unnecessary to rule on this issue. Because a new trial is warranted, however, we note that it is unnecessary and improper to qualify the charge with words indicating that it is given at defendant's request (see *People v McLucas,* 15 NY2d 167)".

In the situation herein, the court began its instruction concerning defendant's failure to take the stand by informing the jury that "[s]ection 300.10 of the Criminal Procedure Law provides in part at subdivision 2, upon request of a defendant who did not testify in his own behalf, but not otherwise, the Court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn." While this statement does regrettably call attention to the fact that the defendant asked for the subject charge, all that the court is doing here is tracking the language of CPL 300.10 (2) and not elucidating upon or qualifying

such language. However, there does not appear to be any authority which has held reversible error a mere repetition of the words of the statute. At any rate, defendant does not dispute this portion of the charge. Since this matter was not argued and the remainder of the court's instruction to the jury was found acceptable in *People v Hayes (supra)*, reversal is not mandated in a case such as the one before us now wherein the evidence of guilt was overwhelming and no additional errors are evident. Although it is certainly troubling when the trial court delivers an "excessively lengthy charge on the issue of the defendant's failure to testify, which drew attention to his silence and which contained language implying that his decision not to take the stand was a mere matter of trial strategy rather than the exercise of his constitutional right" *(People v Gale,* 138 AD2d 401, 402-403), the existing legal authority does not appear to require reversal under the circumstances herein. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Wallach, JJ.