■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIERRA WALTON, Also Known as TRACEY DOUGLAS, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered July 2, 1986.

Ordered that the judgment is affirmed *(see, People v Warren,* 121 AD2d 418; *cf., People v Clarke,* 145 AD2d 565; *People v Jackson,* 130 AD2d 510). Mangano, J. P., Kunzeman, Rubin, Eiber and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLEWELLYN WHIPPLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered June 11, 1987, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

We agree with the defendant that, under the circumstances of this case, the trial court committed reversible error in its delivery to the jury of an instruction with regard to the defendant's failure to testify. Although there was no objection to the instruction, none was required to preserve the error for appellate review *(see, People v Ahmed,* 66 NY2d 307, 310; *People v McLucas,* 15 NY2d 167; *People v Soto,* 146 AD2d 657). Here, the lengthy instructions not only exceeded the " 'plain and simple language of CPL 300.10 (2)' " *(People v Soto, supra,* at 657; *see also, People v McLucas, supra,* at 171; *People v Concepcion,* 128 AD2d 887), but also contained language implying that the defendant's decision to refrain from testifying was a "tactical maneuver", rather than the exercise of his constitutional right *(see, People v Soto, supra; People v Colon,* 143 AD2d 105; *cf., People v Brown,* 150 AD2d 472).

In view of the fact that a new trial is necessary, we note that the defense counsel should have been allowed to examine the "buy report" and "BAA-1" expense report.

We have reviewed the defendant's remaining contentions, including those raised by his supplemental *pro se* brief, and find them to be lacking merit. Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.