■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HOUGHTON, Appellant.—Judgment affirmed. Memorandum: Defendant contends that the court committed reversible error in precluding defense witness Roe from testifying about defendant's statements during one of the drug transactions for which he was convicted. According to defendant, such statements were admissible under the state of mind exception to the hearsay rule and would have shown that defendant took no part in the transaction or that he was at most an agent for the buyer. There is nothing in the record to suggest that defense counsel was attempting to elicit defendant's statements under the state of mind exception. Indeed, defense counsel implied that he was not attempting to elicit defendant's statements. In the absence of proof about the contents of the statements sought to be admitted, it is impossible to determine whether they came within any exception to the hearsay rule.

In explaining to the jury why testimony was precluded by the hearsay rule, the Judge informed the jury that he would not permit the witness to testify to defendant's out-of-court statements because defendant was not subject to cross-examination. Defendant claims, and the dissent concludes, that such instruction impermissibly referred to defendant's failure to testify. Defendant did not object to the court's statement and has thus failed to preserve that claim for review. If we were to review it in the interest of justice, we would conclude that defendant was not deprived of a fair trial. Although the court's instruction indirectly alluded to defendant's failure to take the stand, and to that extent was improper, the court was merely attempting to explain the rationale behind its hearsay ruling. The court's remark did not constitute an unfavorable comment upon defendant's decision not to take the stand. Therefore, any error was harmless *(see, People v Koberstein,* 66 NY2d 989, 990-991). Additionally, in its final charge, the court instructed the jury, pursuant to defendant's request, that defendant's failure to testify must not give rise to any unfavorable inference. These factors distinguish this case from *People v McLucas* (15 NY2d 167), cited in the dissent. In *McLucas,* the court in its final charge to the jury

made repeated unfavorable comment upon defendant's failure to testify, in violation of the Fifth Amendment and section 393 of the former Code of Criminal Procedure.

We have reviewed the additional claim asserted by defendant and find that it does not require reversal.

All concur, except Callahan, J. P., who dissents and votes to reverse, in the following memorandum.

Callahan, J. P., (dissenting). I respectfully dissent. In my view, the court's comments about defendant's opportunity to testify were patently improper and constituted reversible error even in the absence of a proper objection *(see, People v McLucas,* 15 NY2d 167; *People v Mercado,* 120 AD2d 619).

The record reveals that in precluding a defense witness from testifying about statements made by defendant, the court instructed the jury: "I'll not allow, I mean, you are not to consider the testimony of this or any other witness as to what the defendant says. If the defendant is going to testify, he will testify. Otherwise, he is not subject to cross-examination. There is no possible way of refutation." The court further stated: *"I am not going to allow this or any trial for the defendant to testify through someone else without taking the witness stand."* (Emphasis added.) Such judicial comments made during trial which explicitly allude to defendant taking or not taking the stand clearly violate defendant's Fifth Amendment right to choose not to testify in his own behalf without adverse comment or prejudice.

It is axiomatic that a defendant's failure to testify "is not a factor from which any inference unfavorable to him may be drawn" (CPL 60.15 [2]; *see also, Chapman v California,* 386 US 18, 26, *reh denied* 386 US 987; *Griffin v California,* 380 US 609, 614-615, *reh denied* 381 US 957; *People v McLucas, supra; People v Armstrong,* 31 AD2d 447, 453).

The Fifth Amendment, applicable to the States by the Fourteenth Amendment *(see, Malloy v Hogan,* 378 US 1), "forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt" *(Griffin v California, supra,* at 615). Judicial comment alluding to defendant's decision not to avail himself of his right to testify is impermissible, except to counteract improper prosecutorial remarks or instructing the jury not to indulge in any presumption against an accused because of his choice *(see, People v McLucas, supra; Ruloff v People,* 45 NY 213, 222).

Since the statements of the Trial Judge tend to deprive

defendant of the full protection of his right not to have unfavorable inferences drawn from his failure to testify in his own behalf, it is reversible error *(People v McLucas, supra; People v Mercado, supra).* It cannot be said that this constitutional error was harmless beyond a reasonable doubt and thus reversal is required *(Chapman v California, supra,* at 24; *People v Crimmins,* 36 NY2d 230, 237). (Appeal from judgment of Orleans County Court, Miles, J.—criminal sale of controlled substance, fifth degree, and other charges.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.