OPINION OF THE COURT
Memorandum.
In People v Autry, People v Lara and People v Brown, the order of the Appellate Division should be affirmed. In People v Fehr, the order of the Appellate Division should be reversed.
Each of these four cases involves a claim by the defendant that the trial court’s instructions to the jurors concerning their duty to draw no adverse inference from the defendant’s failure to testify should have been confined to the bare words of the statute (CPL 300.10 [2]) requiring the court to give such a charge upon defense request, and that the more expansive charge delivered in each case violated the defendant’s right against self-incrimination by unduly emphasizing the defendant’s silence. (See, by contrast, the instruction recommended by the Committee on Criminal Jury Instructions of the State of New York in 1 CJI[NY] 7.05.) In none of the cases did the *839 defendant request the court, before the charge, to limit its instruction to the statutory language, nor was there any objection after the charge to alert the court to the contention now raised on appeal. As a result, the alleged errors are not preserved for our review.
Contrary to the defendants’ contentions, the error, if there was any error, in the instructions does not fall within the narrow exception to the rule enunciated in People v McLucas (15 NY2d 167, 170-171) that objections to the charge must be made at trial. An objection is required to preserve a point of law for appellate review except in a very small class of cases where the error results in a trial "at basic variance with the mandate of law prescribed by Constitution or statute”. (People v Thomas, 50 NY2d 467, 471.) In the case of a charge error implicating defendant’s right against self-incrimination, the exception to the preservation requirement may be invoked only where the language of the charge expressly or at least unambiguously conveys to the jury that the defendant should have testified (see, People v Thomas, 50 NY2d, at 472, supra; People v McLucas, 15 NY2d 167, supra; cf., People v Burke, 72 NY2d 833, 836).
The errors alleged in the cases before us were not of that character. The defendants concede that the challenged instructions were facially correct statements of law. They complain only about possible nuances and inferences. Indeed, in contrast to the charge given in McLucas, it is entirely possible that the failure to object represents counsel’s reasonable trial-level determination that an extended instruction to the jury would benefit these defendants.
Accordingly, in the absence of objection at trial, the defendants’ appellate challenges to the charge present no reviewable question of law. For that reason, the orders of the Appellate Division in People v Autry, People v Lara and People v Brown must be affirmed. In People v Fehr, the Appellate Division reversed the defendant’s conviction on the law despite defendant’s failure to raise a timely objection to the charge. It is clear from the Appellate Division writing, including citation of its previous cases addressing the point, that the court concluded that no objection was required to preserve the legal issue for review. Since that was error, the Appellate Division order must be reversed, and the case remitted to that court to permit it to exercise its fact review and interest of justice jurisdiction (CPL 470.15 [5], [6]; People v Cona, 49 NY2d 26, 33-34).
*840 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
In People v Autry, Lara and Brown: Order affirmed in a memorandum.
In People v Fehr: Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.