■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL GARCIA, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered April 15, 1988, convicting defendant, after a jury trial, of attempted burglary in the second degree and criminal trespass in the second degree, and sentencing him to concurrent indeterminate and definite sentences of 3 to 6 years and six months, respectively, reversed on the law, and the matter remanded for a new trial.

CPL 300.10 (2) provides that "[u]pon request of a defendant who did not testify in his own behalf, but not otherwise, the court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn." 1 CJI(NY) 7.05 suggests a simple charge, which, in fact, traces the statutory language: "The defendant did not testify in this case. I charge you that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn."

In the instant case, the court issued the following charge *sua sponte,* perfunctorily exacting defense counsel's "permission" to charge on failure to testify only after it began to issue the instructions, in the presence of the jury:

"In this case the defendant did not testify and although we didn't discuss it before, with the permission of the attorney—

"MR. RILEY: Yes.

"THE COURT:—the District Attorney, I'll tell you what that means. By not testifying he's basically saying to you that I

believe I'm not guilty. The burden falls on the prosecutor. I have no burden to prove or disprove anything. I'm not going to say anything. Furthermore, he says to you, by me not saying anything, I know that you as a juror have a duty and that duty is not to hold that against me. He's elected that right. He could have testified. That would be his right too, to testify, but he elected not to testify and indeed his argument to you that I just made which is that you can't hold it against me by not testifying is accurate and that is the law and you are to follow that."

Defense counsel vigorously excepted to this charge, noting in particular that the court's comment that defendant could have testified was, implicitly, an "adverse comment on [defendant's] not testifying." The court declined to give any curative instructions or to grant a mistrial.

Initially, we observe that where a defendant who has not testified makes no request pursuant to CPL 300.10 (2) for a no adverse inference charge, the better practice is for a Trial Judge to ask defense counsel during the charge conference, out of the presence of the jury, if such a charge is desired. *(See, People v Koberstein,* 66 NY2d 989, 990 [1985]; *People v Johnson,* 145 AD2d 932 [4th Dept 1988]; *People v Travis,* 134 AD2d 868, 869 [4th Dept 1987].)* Had defense counsel not given the "permission" sought by the court in the jury's presence, after the court indicated to the jury that there was a legal principle to be applied "[i]n this case [where] defendant did not testify", the jury may well have assumed that defendant had in fact had a burden to come forward, which he had failed to meet. The People's claim that the court charged the jury that defendant had a right not to testify "with defense counsel's consent" is, therefore, a mischaracterization of the instant record, which reflects that the "consent" was, under the circumstances herein, coerced.

Turning to the charge itself, we conclude that the extensive comments made by the court concerning the fact that defendant did not testify were inappropriate. Contrary to the People's contention that the "explanatory language" contained in "the expanded charge" did not constitute error, but was, rather, an "amplification and accurate explanation", we find that the charge trod upon defendant's right not to testify.

The instructions issued were far and away beyond the " ' "plain and simple language of CPL 300.10 (2)" ' " *(People v Whipple,* 155 AD2d 494 [2d Dept 1989]; *People v McLucas,* 15 NY2d 167, 171 [1965]). By issuing an excessively lengthy charge regarding defendant's failure to testify, the court drew

attention to, and placed focus upon, his silence. *(People v Mannery,* 151 AD2d 697, 698 [1989]; *People v Colon,* 143 AD2d 105 [2d Dept 1988]; *People v Gale,* 138 AD2d 401, 402 [2d Dept 1988].)

In addition, the instruction that "[h]e could have testified" diluted defendant's constitutional right not to do so in that it suggested that defendant should have come forward. *(People v Concepcion,* 128 AD2d 887, 888 [2d Dept 1987], *lv denied* 69 NY2d 1002; *People v Abreu,* 74 AD2d 876 [2d Dept 1980].) Further, by charging the jury that "[b]y not testifying he's basically saying to you that I believe I'm not guilty", the court implied that defendant's decision was a "tactical maneuver", rather than the exercise of a constitutional right; such language has been repeatedly condemned. *(People v Whipple, supra; People v Fehr,* 150 AD2d 601 [2d Dept 1989], *revd on other grounds* 75 NY2d 836;\* *People v Colon, supra,* 143 AD2d 105.) Also held to be error was the language in *People v Reid* (135 AD2d 753, 754 [2d Dept 1987]) where, similar to the instant case, the court charged, " 'the law has given him the right in effect to say to the prosecution, prove your case against me. It is my judgment that the situation is such that I elect not to take the witness stand, and the law gives me that right and that privilege.' " *(But see, People v Diggs,* 151 AD2d 359.)

Finally, we note that while the court instructed the jury that it had a duty not to "hold * * * against" defendant the fact that he did not "say anything", the court at no time charged the jury that, as a matter of law, it could not draw any adverse inference from defendant's failure to testify. *(Cf., People v Dukes,* 156 AD2d 203 [1st Dept 1989]; *People v Diggs, supra,* at 360 [affirming despite excessively lengthy charge

---

\* In *People v Autry* (75 NY2d 836) and the companion cases, no objection was raised by trial counsel. The Court of Appeals declined to reach the defendant's contention in light of the lack of preservation, noting that "[i]n none of the cases did the defendant request the court, before the charge, to limit its instruction to the statutory language, nor was there any objection after the charge to alert the court to the contention now raised on appeal. *(Supra,* at 838-839; *see also, People v Chipp,* 75 NY2d 327; *compare, People v McLucas,* 15 NY2d 167, 172 [reversing despite lack of objection because "no exception is necessary to preserve for appellate review a deprivation of a fundamental constitutional right"].) Here, counsel duly registered an exception which was more than sufficient to alert the trial court that the charge was faulty; thus, it cannot be said here, as the Court of Appeals noted in *Autry (supra,* at 839), that "it is entirely possible that the failure to object represents counsel's reasonable trial-level determination that an extended instruction to the jury would benefit these defendants."

where court also expressly charged that " 'the fact that the defendant, Yemeriah Yisrael, has not testified is not a fact upon which any inference, unfavorable to the defendant, may be drawn. The fact that the defendant chose not to take the witness stand or to testify in his defense may not be used against him' "].) Thus, because the charge issued was in direct contravention of both statute and precedent, a new trial must be ordered. *(Cf., People v Gonzalez,* 72 AD2d 508 [1st Dept 1979].)

Accordingly, the judgment of conviction appealed from is reversed and the matter remanded for a new trial. Concur—Ross, Carro, Milonas and Rosenberger, JJ.

Sullivan, J. P., dissents in a memorandum as follows: The majority, for a variety of reasons, concludes that the trial court's charge to the jury regarding defendant's not taking the stand requires reversal. In my view, the charge, taken as a whole, conveyed the appropriate standard to the jury, i.e., that no unfavorable inference could be drawn from defendant's not testifying. Moreover, and in any event, even assuming an infirmity in the charge, defendant plainly was not prejudiced in view of the overwhelming evidence of guilt. Thus, any error in the charge was harmless. Accordingly I would affirm.

At the outset it should be noted that although defendant did not request a no adverse inference charge he did not object to the giving of the charge. Rather, he complained only that the charge was "an adverse comment on [defendant's] not testifying" and that it "went into great length about the fact that the defendant has no obligation whatsoever and that the jury as a matter of law cannot hold it against him that he did not testify." Thus, the issue of whether giving such a charge was an appropriate exercise of discretion has not been preserved as a question of law for this court's review. *(See, People v Autry,* 75 NY2d 836.)\*

As to the trial court's statement that defendant could have testified, I see no basis for the jury inferring from this language that defendant should have testified. Although the Second Department has interpreted similar language as suggesting that the defendant should have come forward *(see, e.g., People v Abreu,* 74 AD2d 876), viewed objectively, the instruction is no more than an explicit statement of a notion implicit

---

\* While the assertion in the People's brief that defense counsel consented to a charge on defendant's right not to testify may not be entirely accurate, the fact is the defendant did not except to the court's giving a no inference charge without request and, thus, may be deemed to have consented.

in the language which is to be charged upon request (that the defendant's not testifying is not a factor from which an unfavorable inference may be drawn [CPL 300.10 (2)]).

The court's instruction that the jury had a duty not to "hold * * * against" defendant the fact that he did not testify, albeit in language which was inartful and at variance with the precise language set forth in CPL 300.10 (2), nevertheless conveyed the appropriate standard to the jury. While, as the majority notes, the charge was excessively lengthy and certain language employed by the court could be construed as suggesting that defendant's decision not to testify was a matter of trial strategy rather than the exercise of a constitutional right (see, People v Diggs, 151 AD2d 359, 362, lv denied 74 NY2d 895), the charge did not imply that defendant should testify. Moreover, the record discloses no other errors warranting reversal and the proof of guilt was overwhelming.

Defendant was apprehended in the burglarized premises, his upper body and head wet and spattered with wood chips. He was positively identified—from his appearance and voice—by a witness who had seen him earlier, holding a screwdriver in his hand. That viewing was from a distance of only four to six feet and took place under good lighting conditions. The screwdriver, as well as the doorknob from the front door of the apartment, was found in the sink of the bathroom where defendant had just showered in an apparent attempt to rid himself of the evidence linking him to the broken door of the apartment.

Under the circumstances, any error was harmless beyond a reasonable doubt. (Supra.)