■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SPEED, Appellant.—Judgment of the Supreme Court, New York County (Joan Carey, J.), rendered July 10, 1987, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him as a second violent felony offender to an indeterminate prison term of from 4 to 8 years, is unanimously affirmed.

In this street robbery of an 18-year-old complainant by defendant and two others, defendant contends that his guilt was not proven beyond a reasonable doubt and that the jury's verdict was against the weight of the evidence.

The evidence presented at trial was legally sufficient. The elements of robbery in the second degree, forcibly taking property while aided by another, were sufficiently established. Complainant testified that defendant and two others surrounded him in the lot. Defendant ordered him to enter an empty bus as one of the other men displayed a razor, and once inside, defendant and another of the men argued whether the complainant's chain was genuine. Defendant then took complainant's chain and jacket. Based on all the credible evidence, a finding different from the jury's would have been unreasonable and, therefore, the verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

In its Sandoval ruling, the court did not abuse its discretion by permitting questioning about 2 of defendant's 12 prior convictions and limiting the People on a 1985 attempted robbery conviction to asking whether defendant forcibly stole property, without reference to elements relevant to the present case, i.e., display of a firearm and being aided by another. The court further permitted cross-examination as to the other conviction for jostling. Plainly mindful of the competing concerns in a Sandoval application, the court struck a compromise eminently fair to defendant.

Defendant's contention that the court's "no adverse inference" charge prejudiced him has not been preserved for

review since no objection was made at trial *(see, People v Autry,* 75 NY2d 836, 839). In any event, the challenged instructions were a correct statement of the law *(People v Diggs,* 151 AD2d 359). Concur—Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.