■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL CRUZ, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered June 29, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of 4½ to 9 years, unanimously affirmed.

In response to an undercover officer's request for two vials of crack, the defendant left the location and returned a short time later with another individual, Rafael Suarez. At such

time, the defendant asked the undercover officer, "Two right?" The officer responded affirmatively. Suarez then removed two vials of crack from a change purse and handed them to the undercover officer. The defendant requested payment and the undercover officer handed the defendant $20 in prerecorded money. After the sale, the defendant and Suarez left the scene and, while standing together a few blocks away, were arrested by an undercover backup team.

We find no merit to defendant's argument that the prosecutor failed to disprove his defense of agency beyond a reasonable doubt. Viewing the evidence in a light most favorable to the People *(People v Malizia,* 62 NY2d 755, 757 [1984], *cert denied* 469 US 932 [1984]), defendant exhibited an independent desire to promote the drug transaction by demanding and receiving money from the undercover officer. *(People v Argibay,* 45 NY2d 45, 53-54 [1978], *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930 [1978]; *People v Lam Lek Chong,* 45 NY2d 64, 75 [1978], *cert denied* 439 US 935 [1978].) Additionally, we note that defendant's arrest, while in the company of Suarez, further supports the conclusion that defendant did not act solely as the agent of the undercover officer during the drug sale.

Defendant's further claim that he was denied a fair trial because the court's "no adverse inference" charge was overextensive is unpreserved as a matter of law since no objection to the charge was made at trial. *(People v Autry,* 75 NY2d 836, 839 [1990]; *People v Chipp,* 75 NY2d 327, 340 [1990].) Moreover, inasmuch as the charge neither "expressly or * * * unambiguously convey[ed] to the jury that the defendant should have testified", this narrow exception to the preservation requirement may not be invoked here. *(People v Autry,* 75 NY2d, *supra,* at 839.) Concur—Murphy, P. J., Kassal, Ellerin, Smith and Rubin, JJ.