■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HURK, Appellant.—Judgment of the Supreme Court, New York County (Frank Blangiardo, J.), rendered February 19, 1988, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent, indeterminate terms of imprisonment of from 5 to 10 years, unanimously affirmed.

Defendant sold three vials of crack cocaine for $30 to an undercover police officer who then radioed to his backup team a detailed description of defendant and Francisco Matherine, who aided defendant by holding the stash. Defendant and Matherine were then arrested by the backup team, and identified minutes later by the undercover officer. Defendant presented no evidence.

On appeal, defendant urges that his conviction should be reversed because the Trial Judge failed to charge the jury that the indictment, which was read to them, was not evidence against the defendant, but simply an accusation, required by law, solely for the purpose of informing the defendant of the offenses with which he is charged. While ordinarily the jury should be so charged, we observed that this instruction is not included in the list of mandatory instructions (CPL 300.10 [2]). Although that list is not exclusive, no case brought to our attention has ever required a reversal solely on this ground (see, People v McCutcheon, 14 AD2d 482 [4th Dept 1961]; People v Abreu, 74 AD2d 876 [2d Dept 1980]). Moreover, "[t]he test is always whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied in arriving at decision" (People v Russell, 266 NY 147, 153). Since our examination of the charge as a whole reveals that the jury was told repeatedly that their verdict must be based solely on the testimony and evidence presented at the trial, we cannot conclude that the court's failure to instruct the jury that an indictment is not evidence of guilt, standing alone, warrants reversal.

With regard to certain comments made by the prosecutor during summation regarding the police officers' veracity and the accuracy of their testimony, the issue was not preserved for review by timely objection (People v Balls, 69 NY2d 641). Were we to consider the issue, we would find those comments constituted a fair response to defense counsel's summation (People v Montrose, 155 AD2d 376, lv denied 75 NY2d 870). Concur—Murphy, P. J., Sullivan, Milonas, Asch and Smith, JJ.