■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO NUNEZ, Also Known as JULIO MARINE, Also Known as PEDRO MARTINEZ-NUNEZ, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered May 10, 1990, which convicted defendant after a jury trial of criminal possession of a weapon in the third degree, and sentenced him, as a persistent felony offender, to an indeterminate term of imprisonment of 18 years to life, unanimously affirmed.

Defendant was stopped for allegedly driving his car in a reckless fashion on the FDR Drive in Manhattan. As he was stopped, he tossed a gun from the window which was retrieved by a police officer.

Defendant failed to raise timely objection to portions of the court's charge at issue. Defendant's claims are unpreserved for review as a matter of law *(People v Autry,* 75 NY2d 836; CPL 470.05 [2]). Were we to consider them in the interest of justice, we would find them to be without merit as the court's charge did not draw undue attention to defendant's decision not to testify. However, the more advisable practice would be for the court to give the charge as set forth in the Criminal Jury Instructions *(People v Lara,* 148 AD2d 340, *affd* 75 NY2d 836). We have examined defendant's remaining arguments and likewise find them to be without merit. Concur—Carro, Ross, Asch and Smith, JJ.

Sullivan, J. P., concurs in a memorandum as follows: The refusal of this particular court to utilize in a criminal case the standard charge on a host of relatively uncomplicated, standard subjects is a recurring theme, which has, on other occasions, warranted reversal *(see, e.g., People v Garcia,* 160 AD2d 354, *appeal dismissed* 76 NY2d 934; *People v Wright,* 174 AD2d 522 [the "no inference" charge regarding a defendant's decision not to testify]; *People v Rawlins,* 166 AD2d 64 [credibility charge and circumstantial evidence charge]). Here, on the subject of defendant's decision not to testify, the court, speaking for the defendant, stated, *inter alia,* "[T]he burden is on the prosecutor, I don't have to aid or in any way support the prosecutor's case and by me not testifying, I tell you I'm not guilty and let the prosecutor prove his case against me." This language was highly prejudicial; in effect, it told the jury that any testimony the defendant might give would only aid the prosecution. The defendant, however, took no objection and the error is unpreserved. Had the People's case been less persuasive—the jury deliberated less than five minutes—I would reverse.

Furthermore, the court's charge on reasonable doubt virtually obscured the concept. An instruction that the People's burden of proof differed from one that required "one plus one" to equal "two" and the example of the businessman who ordered ten shirts and expected to receive ten as not being reflective of the applicable standard could hardly be expected to shed any light on the subject and, if anything, could only serve to confuse the jury.

Saying more than less in a charge is not necessarily a virtue. And, while there is always room for judicial innovation in the conduct of a trial, a Judge should think long and hard about the wisdom of departing from the standard charge on such elementary matters as reasonable doubt, burden of proof and a defendant's decision not to take the stand *(see,* 1 CJI[NY] 6.20, at 248-250; 6.05, at 244; 7.05, at 273).