■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GRANT, Also Known as KENNY GRANT, Appellant. [597 NYS2d 367] —Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered April 12, 1991, convicting defendant, after jury trial, of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 7 to 14 years, 2 to 4 years, and 6 months, respectively, unanimously affirmed.

The complainant's testimony, both consistent and corroborated in some measure by the observations of two Port Authority police officers, as well as attendant circumstances, amply supported the jury's determination of defendant's guilt of the crimes charged, on an acting in concert theory, beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490).

We perceive no abuse of discretion in the trial court's *Sandoval* ruling *(People v Sandoval,* 34 NY2d 371, 378), and the trial court properly denied defendant's request for a missing witness charge on the grounds that there was no showing that the People had the physical ability to locate and produce the potential witness, or that such witness would be expected to give material testimony favorable to the People *(People v Gonzalez,* 68 NY2d 424, 427).

Defendant failed to object or take exception to the trial court's supplemental jury instructions, and thus failed to preserve any claim of error for appellate review as a matter of law (CPL 470.05). In any event, the supplemental charges, when viewed as a whole, were balanced and conveyed the appropriate legal principles *(People v Hurk,* 165 AD2d 687, 688, *lv denied* 76 NY2d 1021).

We have considered defendant's additional claims of error and find them to be both unpreserved and without merit. Concur—Carro, J. P., Milonas, Ellerin and Kassal, JJ.