■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL PEGEISE, Also Known as KARL PEGEISE, Appellant. [600 NYS2d 26] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered January 22, 1991, convicting the defendant, upon a jury verdict, of attempted aggravated assault on a police officer and criminal possession of a weapon in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of from 6½ to 13 years on both counts, unanimously reversed, on the law, and the matter is remitted for a new trial.

The defendant was arrested after he aimed a loaded semiautomatic Uzi submachine gun at a police officer. Although the evidence was legally sufficient to establish the defendant's guilt and the verdict was not against the weight of the evidence (CPL 470.15 [5]), the judgment must be reversed due to numerous errors committed by the trial court.

The court's charge to the jury deprived the defendant of a fair trial. At defense counsel's request, the court charged the jury with respect to the defendant's decision not to testify. However, the charge impermissibly emphasized his decision and implied that his exercise of this right was a tactical maneuver. The court then failed to instruct the jury to draw no adverse inference from the defendant's decision not to testify *(see, People v Allan,* 192 AD2d 433; *People v Stinson,* 186 AD2d 23; *People v Wright,* 174 AD2d 522; *People v Garcia,* 160 AD2d 354, *appeal dismissed* 76 NY2d 934; *see also, People v Marabel,* 186 AD2d 53, *lv denied* 81 NY2d 764).

The court's reasonable doubt charge was also erroneous. As noted by the Court of Appeals in *People v Antommarchi* (80 NY2d 247, 252), "[a]n instruction that requires jurors to supply concrete reasons 'based upon the evidence' for their inclination to acquit implicitly imposes on defendants the burden of presenting a defense that supplies the jurors with the arguments they need to legitimize their votes", thereby shifting the burden of proof *(see also, People v Allan, supra).* Moreover, the hypotheticals offered by the court to explain the concept of reasonable doubt, scientific laboratories juxtaposed with Lotto, only served to provide confusion rather than clarification for the jury *(see, People v Stinson, supra; People v Nunez,* 182 AD2d 527, 528 [Sullivan, J., concurring], *lv denied* 80 NY2d 836).

The prosecution witnesses at trial were all police officers. Accordingly, the defense requested a jury instruction on the credibility of police officers. Instead of providing the jury with the standard charge (1 CJI[NY] 7.08), the court instructed the jury to consider the witnesses' position in the community, education, job, status in the community and lifestyle. Rather than instructing the jury that a police officer's credibility should be evaluated in the same manner as any other witness, and that the mere fact that a witness is a police officer does not require that his or her testimony be given any greater or lesser credibility than that of any other witness, the court instructed the jury that "you are to consider the fact that a person is a police officer in weighing that person's testimony." Both branches of this instruction have been cited as reversible error in the past *(People v Allan, supra; People v Rawlins,* 166 AD2d 64).

Also to be noted was the court's instruction to the jury that some of the evidence they heard at the trial was unimportant. While a court may properly instruct a jury that it must evaluate the relative importance of all the evidence, by the instruction given, the Judge usurped the jury's function. The defendant was also prejudiced by the court's direction to the jury to evaluate the religious ardor displayed by the witnesses in taking the oath.

Further errors were committed by the court in response to notes submitted by the jurors during their deliberations. The jurors asked to see the gun purportedly used in the incident and the court permitted a court officer to enter the jury room and tell them that their request was refused. When two of the jurors asked the officer how the gun worked, he told them that he could not show them. The court, in response to defense

counsel's objections, thereafter brought the jurors into the courtroom and informed them that they could see the gun without the court officer being present. The defendant was not present during this instruction. Despite defense counsel's request, the court refused to instruct the jury not to speculate about the defendant's absence. Moreover, the court never addressed the jury's actual request, an instruction on the operation of the gun.

In response to another jury note, a note written by defense counsel and the prosecutor was sent back informing the jury that the Judge decided that for their own safety, they would not be permitted to see the gun and the ammunition at the same time. Again, such instruction was provided in the absence of the defendant.

Pursuant to CPL 310.30, when a deliberating jury requests additional instructions, the court *must* return the jury to the courtroom and, after proper notice to counsel "and in the presence of the defendant", give such requested information or instructions *(People v Mehmedi,* 69 NY2d 759, 760). The right to be present during instructions to the jury is "absolute and unequivocal" and cannot be waived by defense counsel *(supra,* at 760; *see also, People v Lopez,* 156 AD2d 476, *lv denied* 75 NY2d 921). Moreover, the delegation of the Judge's duty to respond to the jury's notes to a court employee and then to the attorneys, also deprived the defendant of his right to a trial by jury, supervised by a Judge *(People v Bayes,* 78 NY2d 546, 551; *People v Ahmed,* 66 NY2d 307).

Finally, the court violated the defendant's constitutional and statutory right to a trial by a jury of his choice when it discharged a sworn juror in the absence of the attorneys and the defendant *(People v Washington,* 75 NY2d 740, *revg on dissenting mem* 151 AD2d 384, 385; *People v Page,* 72 NY2d 69; *People v Buford,* 69 NY2d 290; *cf., People v Robustelli,* 189 AD2d 668; *People v DeMatteis,* 186 AD2d 460, *lv denied* 81 NY2d 969). Defense counsel only consented to the discharge at the court's urging and only in light of the futility of objecting since the deed was already done. There was no indication that the juror, who informed the court that he would be returning to the city in two days following a funeral, was unwilling or unable to continue serving *(People v Washington, supra).*

In light of the aforementioned errors, a new trial is ordered. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.