■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENORA WRIGHT, Appellant. [627 NYS2d 13] —Judgment of the Supreme Court, New York County (Clifford Scott, J.), rendered September 17, 1992, convicting defendant, after a jury trial, of robbery in the first degree and robbery in the second degree, and sentencing her to concurrent terms of 8⅓ to 25 years and 1½ to 4½ years, respectively, unanimously reversed on the law, the facts, and as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

While several of the errors presented for our review are not fully preserved and, if viewed singly, would ordinarily constitute harmless error, we conclude that this record, when read in its totality, requires a new trial in the interest of justice.

As part of its preliminary instructions, the trial court not only failed to admonish the jury to refrain from visiting the crime scene or from engaging in other acts prohibited by the language of CPL 270.40, but, for reasons unexplained, also explicitly advised the jury that they were not prohibited from visiting any area mentioned during the trial. The trial court's failure to follow the clear and unambiguous mandates of CPL 270.40 was error *(People v Hepburn,* 52 AD2d 958, 959; *see also, People v Townsend,* 111 AD2d 636, *affd* 67 NY2d 815).

In its final instructions to the jury, the trial court's identification charge improperly diminished the People's burden of proof by using the "sufficient certainty" language previously criticized by this Court *(see, e.g., People v Vasquez,* 181 AD2d 459, *lv denied* 79 NY2d 1055; *People v Coppedge,* 180 AD2d 613, 614, *lv denied* 80 NY2d 829; *People v Richardson,* 172

AD2d 438, 439, *lv denied* 78 NY2d 925; *People v Velez,* 169 AD2d 661, 661-662). Furthermore, the court erred in improperly substituting the word "defendant" for "perpetrator", thereby unfairly suggesting that the court believed that defendant was in fact the perpetrator.

The trial court also erred in its final charge to the jury on defendant's decision not to testify. Such a charge should not be more expansive than the statutory language found in CPL 300.10 (2) *(People v McLucas,* 15 NY2d 167), and a charge which impermissibly emphasizes the defendant's decision not to take the stand requires a reversal of a defendant's conviction *(People v Wright,* 174 AD2d 522; *People v Garcia,* 160 AD2d 354, *appeal dismissed* 76 NY2d 934, *rearg denied* 76 NY2d 1018). Moreover, where, as here, a charge with expanded language fails to instruct the jury not to draw any adverse inference from the defendant's decision not to take the stand, reversal is warranted *(People v Pegeise,* 195 AD2d 337; *People v Allan,* 192 AD2d 433, 434; *People v Garcia, supra,* at 356-357).

Inasmuch as we are remanding for a new trial, we make two observations concerning the trial court's evidentiary rulings. Upon retrial, the admissibility of the "phony money" recovered from defendant five months after the offense charged here, which also involved the use of "phony money", is a question to be determined by the trial court after conducting a *Molineux/Ventimiglia* hearing. It may be that this evidence is admissible on the People's direct case to establish defendant's identity by use of a particular *modus operandi,* or some other *Molineux* exception. Should such evidence be received, it must, of course be accompanied by the appropriate limiting instruction.

Although the record developed by defendant's trial counsel should have been more completely and artfully developed, the transcript of the *Sandoval* hearing reflects that the trial court ruled that the People would be permitted to inquire about the underlying facts of defendant's prior conviction, and only then, after having already ruled, did the court ask the prosecutor about the facts of this case. Thus, it is unclear whether the trial court fully considered the issue of whether this crime and the prior crime were so similar that it would be unduly prejudicial to permit unbridled inquiry into the facts of the past crime. While it is true that one cannot shield herself by specializing in a certain kind of crime, it cannot be said that this record establishes that the court fully evaluated and

balanced the relevant factors before arriving at its determination.

In light of the foregoing, we do not reach defendant's remaining claims. Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.