People v Smith (2018 NY Slip Op 01642)





People v Smith


2018 NY Slip Op 01642


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


5990 3733/10

[*1]The People of the State of New York, Respondent,
v
Kermitt Smith, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Susan H. Salomon of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert C. McIver of counsel), for respondent.



Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered September 22, 2014, convicting defendant, after a jury trial, of sexual abuse in the first degree, course of sexual conduct in the second degree and endangering the welfare of a child, and sentencing him, as a second felony offender, to an aggregate term of seven years, unanimously affirmed.
Defendant did not preserve any of his arguments concerning evidence of uncharged crimes he committed against the victim's siblings, and we decline to review them in the interest of justice.
Defendant did not preserve his claim that, at sentencing, the prosecutor improperly commented on defendant's exercise of his right to a trial, and we do not find that any exception to the preservation requirement applies (see People v Autry , 75 NY2d 836 [1990]; see also People v Hurley , 75 NY2d 887 [1990]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. Nothing in the record suggests that the court's sentence was influenced by an isolated remark by the prosecutor, even if the remark could have been understood to suggest that defendant should be penalized for exercising his right to a trial.
We have considered and rejected defendant's ineffective assistance of counsel claims relating to lack of preservation (see People v Benevento , 91 NY2d 708, 713-714 [1998]; Strickland v Washington , 466 US 668 [1984]). Accordingly, we do not find that any lack of preservation may be excused on the ground of ineffective assistance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK