■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE McMAHON, Appellant.—Judgment of the Supreme Court, New York County (Stephen Crane, J., at suppression hearing, trial and sentence), rendered on October 29, 1985, convicting defendant of six counts of robbery in the first degree, three counts of robbery in the second degree, two counts of criminal possession of a weapon in the second degree, and two counts of criminal possession of a weapon in the third degree and sentencing him, as a persistent felony offender, to 13 concurrent indeterminate terms of from 25 years to life in prison, unanimously affirmed.

Defendant was convicted of various charges arising from an armed robbery at the Racing Club restaurant on East 67th Street in Manhattan, at about 12:30 A.M. on May 11, 1983. During the robbery, a struggle took place involving television newscaster John Roland, who was a patron at the restaurant, defendant, and codefendant Sloan, during which Roland was seriously injured.

Acting on information provided by a waiter, who had left the restaurant and run to the nearby station house, police officers stopped the defendants' vehicle at an intersection one-half block from the scene of the crime. From the car, the police recovered a "sawed-off rifle", which was lying in plain view on the seat, as well as two handguns and a bank bag from the restaurant. Within 10 minutes of the robbery, Roland, who was detoured on his way to the hospital, positively identified defendant and codefendants Curtin and Sloan in the station house lobby. Less than an hour later two additional eyewitnesses also identified defendant at a showup held upstairs at the station house.

The police had a sufficient predicate to stop the car. The waiter, a citizen informant and an eyewitness to the crime,

was in the backseat of a police car when he pointed toward men fleeing the restaurant and, according to Officer Hodak, said, "That's them!" Hodak looked toward the restaurant and saw codefendant Sloan running toward the car, which was already leaving the scene of the crime. This information was adequate to justify the stop. *(See, People v Hicks,* 38 NY2d 90.)

We note that the showup identification by Roland was not unnecessarily suggestive. There were exigent circumstances to warrant a station house showup by Roland, since, at the time he identified the defendants, Roland was in need of immediate medical assistance and was en route to the hospital. Additionally, the circumstances under which he viewed the suspects, whom he was able to pick out from a crowd of suspects and plainclothes officers standing in the lobby of the precinct 10 minutes after the crime, were not suggestive. As to the showups which were conducted at a later time for the other five eyewitnesses and which resulted in two identifications of defendant, there were no exigent circumstances, and a lineup should have been conducted. *(People v Riley,* 70 NY2d 523.) However, the hearing court properly found that the subsequent in-court identifications of defendant by eyewitnesses Roland, Blohm and Northe were based on an independent source, in that they each had ample opportunity to observe the defendant during the robbery itself. Under these circumstances, and in view of the overwhelming evidence of guilt, any error in the admission into evidence of the prior identifications by Blohm and Northe was harmless beyond a reasonable doubt.

We have examined defendant's remaining contentions, including his *pro se* assertion that he was denied *Rosario* material, and find them to be without merit. Concur—Kupferman, J. P., Ellerin, Wallach, Smith and Rubin, JJ.