■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SLOAN, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J., at suppression hearing, jury trial and sentence), rendered October 29, 1985, convicting defendant of six counts of robbery in the first degree, three counts of robbery in the second degree and two counts each of criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent indeterminate terms of imprisonment, the longest of which is 12½ to 25 years, unanimously affirmed.

In a previously decided appeal of a codefendant (People v McMahon, 167 AD2d 137), we found that the stop of the vehicle was warranted, and that the precinct showup identification by eyewitness Roland was justified by exigent circumstances. With respect to the other witnesses' showup identifications, we held that these were not justified, but that the hearing court's finding of an independent source for the subsequent in-court identifications was proper. There is no reason to depart from that determination in the within appeal.

The court's charge to the jury regarding defendant's decision not to take the witness stand complied with the provisions of CPL 300.10 (2). Its instruction that "the law gives [the defendants] the right if they say to the prosecution 'prove your case against me, it is my judgment that the situation is such that I am not bound to the witness stand' " was surplus language which, given the overwhelming evidence of guilt

against defendant, does not constitute reversible error. *(See, People v Diggs,* 151 AD2d 359, *lv denied* 74 NY2d 895.)

The defendant further claims that his rights to an impartial jury and fair trial were violated by the court's arranging for a discharged alternate juror to be transported with the deliberating jurors. The court specifically directed that the discharged juror be kept separate from the other jurors and that there be a court officer in the van. This procedure was expressly consented to by all parties, and the record does not disclose any violation of such direction. Moreover, this claim has also been previously rejected by this court. *(People v McMahon, supra.)*

We have examined defendant's remaining contentions, including those contained in the *pro se* brief, and find them to be without merit. Concur—Rosenberger, J. P., Asch, Kassal, Wallach and Smith, JJ.