■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND GUY, Also Known as HUBERT STEWART, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lentol, J.), rendered November 4, 1981, as amended November 5, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment, as amended, affirmed.

During the early morning hours of March 31, 1980, the police, acting upon a tip from a civilian informant regarding a robbery committed several weeks earlier, entered a discotheque in Brooklyn and placed the defendant and two other individuals under arrest. During the course of the arrest the police recovered a loaded .38 caliber revolver from the defen-

dant's waistband. This arrest led to two separate indictments, one charging the defendant with crimes arising out of the earlier robbery (Kings County indictment No. 1082/80), and the instant indictment arising out of the possession of the weapon seized upon his arrest at the discotheque (Kings County indictment No. 987/80). During the course of the proceedings under indictment No. 1082/80, it was determined that the police had probable cause to arrest the defendant and to seize the weapon recovered from his person. The defendant was ultimately convicted under that indictment, *inter alia,* of robbery in the first degree and the conviction was subsequently affirmed by this court *(see, People v Guy,* 96 AD2d 763).

On the instant appeal, the defendant asserts the court erred in denying his oral motion to suppress the physical evidence which he claimed was seized pursuant to an unlawful arrest. We disagree. The issues of whether the police had probable cause to arrest the defendant and whether the weapon was unlawfully seized pursuant to that arrest were fully litigated at the suppression hearing held in connection with the prosecution of the defendant under indictment No. 1082/80 and were determined against him. The basis upon which counsel requested a suppression hearing was an erroneous belief that no suppression motion had been made in the robbery case, or that such motion had been decided in the defendant's favor. The defendant did not offer any evidence which had not been brought out at the previous hearing, nor did he offer to testify. Rather, it appears a second hearing would have simply duplicated the first. Under the circumstances, the court, having presided over the suppression hearing in the robbery case as well, did not err in applying the ruling on the suppression motion in that case to the instant case *(cf. People v Plevy,* 52 NY2d 58).

The defendant also asserts that the court improperly allowed certain hearsay testimony into evidence. However, having failed to object to the allegedly improper testimony of Police Officer Connors regarding his encounter with an informant, the issue is not preserved for review as a matter of law *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). Moreover, with regard to similar testimony of Police Officer Lavin, to which the defendant did voice an objection, the court sustained the objection. Since the defendant did not object to the court's remedial action or request additional curative instructions or a mistrial, no error exists for this court to review *(see, People v Medina,* 53 NY2d 951).

Similarly without merit is the defendant's claim that the People's failure to produce the informant deprived him of his right of confrontation. The defendant never requested that this individual be produced, nor did he request a missing witness charge.

We have examined the defendant's remaining contentions, including those contained in his *pro se* brief, and find them to be without merit. Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.