■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY PETTAWAY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered December 1, 1987, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, a new trial is ordered, and the matter is remitted to the County Court, Nassau County, for a hearing on the validity of the search warrant and further proceedings in accordance herewith. No questions of fact have been raised or considered.

The defendant was charged with and convicted of criminal possession of a controlled substance in the first degree based upon the discovery of cocaine and cocaine paraphernalia in a bedroom occupied by the defendant.

With respect to the presumption contained in Penal Law § 220.25 (2), the trial court instructed the jury that: "The effect of this presumption is to place the burden upon the defendant to come forward with such evidence to rebut or negate the existence of the presumed facts by a preponderance of the credible evidence. Once credible evidence is produced, has been produced by any source, to rebut the presumption, this presumption disappears from the trial."

Such charge was repeated pursuant to a jury request for a rereading of the elements of the crime. Both the prosecutor and defense counsel objected to the charge as given. Indeed, the prosecutor showed the court a Court of Appeals decision which the court admitted was contrary to its charge. In spite

of this, the court did not issue any curative instructions but did grant exceptions to both counsel.

On appeal, the People concede that the court erred, but contend that the error is harmless in light of the overwhelming evidence of the defendant's guilt. We disagree.

In *People v Hamlin* (71 NY2d 750, 756), the Court of Appeals reiterated that "[c]onstitutional error may be harmless only if it is harmless beyond a reasonable doubt, that is, there is no reasonable possibility that the erroneously admitted evidence contributed to the conviction * * *. In making that determination, the court considers two discrete factors: (1) the quantum and nature of the evidence against defendant if the error is excised and (2) the causal effect the error may nevertheless have had on the jury *(see, People v Crimmins* [36 NY2d 230], *supra,* at 240)."

In this case, the theory of the defense was that the bedroom in which the cocaine and cocaine paraphernalia were discovered was not the defendant's bedroom, that the bedroom was loaned to the defendant for the night by his brother, and that several persons lived in the house, including persons who were known to the police as dealing in drugs and who stored their cache of drugs in the house.

We find that reversal is warranted because the trial court's erroneous charge not only shifted the burden of proof but also confused the standard of proof that guilt must be proved beyond a reasonable doubt. The charge created a real possibility that, if the defendant's defense generated a reasonable doubt, it would not have been reached by the jury because he had not met the initial substantial burden of dislodging the presumption by a preponderance of the credible evidence *(see, People v DeGina,* 72 NY2d 768). The erroneous instruction deprived the defendant of the opportunity to have the jury evaluate his defense and such error cannot be considered harmless *(see, People v DeGina, supra,* at 778).

In addition, several erroneous evidentiary trial rulings, when considered cumulatively, deprived the defendant of a fair trial.

The trial court unnecessarily restricted the defense counsel's cross-examination of the police witnesses with respect to the number of persons who lived in the house, with respect to exactly which part of the house they occupied, and with respect to Pete Pettaway, the defendant's brother, who was named in the warrant. This latter restriction was especially important to the defense in that Pete Pettaway was the only witness who testified on behalf of the defendant.

Moreover, while the court has broad discretion to restrict cross-examination as to the vicious and immoral acts of a witness *(see, People v Sorge,* 301 NY 198, 200; *People v Williams,* 142 AD2d 310), the court erroneously concluded that a prosecution witness had to have been convicted of a crime before he could be impeached. The court's exercise of discretion was, therefore, tainted by this error, which may have prejudiced its ultimate decision to preclude the defense counsel from using the bad acts in question when cross-examining a police witness.

We find that the defendant was not collaterally estopped from litigating the validity of the search warrant pursuant to which the drugs were recovered. A prior order, made after a hearing, had denied the codefendant's motion to suppress such search warrant.

It is axiomatic that for collateral estoppel to apply there must be an identity of parties as well as issues and that the person against whom the estoppel is urged has been given a full and fair opportunity to litigate *(People v Berkowitz,* 50 NY2d 333; *People v Plevy,* 52 NY2d 58). It is uncontradicted that the defendant was not represented at the prior hearing and was not a party thereto. Further, it cannot be said that there was such a close relationship between the defendant and the codefendant so as to satisfy the purpose of this prerequisite for the application of collateral estoppel *(cf., People v McGriff,* 130 AD2d 141; *People v Guy,* 121 AD2d 741).

We are unpersuaded by the People's contention that, in any event, the defendant was given the opportunity to substantiate his claim that the affidavit in support of the warrant contained false and perjurious statements. The court had allowed the defense counsel to "cross-examine" the police witness without any direct testimony having been given and without the benefit of access to important *Rosario* materials. Such procedure was clearly irregular.

Additionally, the court imposed a rigid limitation on the scope of the cross-examination and abruptly terminated the questioning. The opportunity provided to the defendant was not a suitable substitute for his right to challenge the warrant for probable cause. Therefore, since the defendant was deprived of a full and fair determination of the issue, a new hearing should be conducted upon the remittitur. Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.