THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWER, Appellant.—

On the instant appeal, the defendant argues that the court committed reversible error in its instruction to the jury with regard to the defendant's failure to testify. We agree.

In its instruction on this issue, the court stated: "The law has given him the right in effect to say to the Prosecution prove your case against me. It is my judgment that the situation is such that I am not bound to take the witness stand. And the law gives me that right. And the law gives me that privilege". This instruction not only exceeded the "plain and simple language of CPL 300.10 (2)" *(People v Morris,* 129 AD2d 591; *see also, People v McLucas,* 15 NY2d 167), but also contained language "implying that his decision not to testify was a tactical maneuver rather than the exercise of his constitutional rights" *(People v Colon,* 143 AD2d 105; *People v Gale,* 138 AD2d 401). Although no objection was registered with respect to the foregoing instruction, none was required to preserve the error for appellate review *(see, People v Ahmed,* 66 NY2d 307, 310; *People v McLucas, supra; People v Morris, supra).*

In its *Sandoval* ruling, the court held that if the defendant chose to testify in his own behalf, he could be cross-examined by the People with respect to the underlying facts of two

pending robbery cases. The court was advised by defense counsel that under those circumstances, the defendant would be compelled to invoke, in front of the jury, his Fifth Amendment right to remain silent. Defense counsel urged that such a scenario would be improper and that the People should therefore be precluded from cross-examining the defendant as to the underlying facts of two pending robbery charges. The court conceded that the defendant's invocation of his Fifth Amendment right to remain silent would, under such circumstances, "militate against [him] in the mind of the jury". Nevertheless, it adhered to its ruling on the ground that if the privilege was asserted by the defendant, it would give curative instructions to the jury at the appropriate time. The court's ruling was improper. In *People v Betts* (70 NY2d 289, 291), the Court of Appeals held: "The applicable evidentiary rule is that a defendant is entitled to a pretrial ruling, based on the assertion of the privilege against self-incrimination, precluding the prosecution from cross-examining for credibility purposes * * * as to pending unrelated criminal charges if defendant takes the stand as a witness at the trial" *(see also,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.43, at 168 [1990 Pocket Part]; *cf., People v Thomas,* 51 NY2d 466, 472-473).

We have examined the defendant's remaining arguments and find them to be either unpreserved for appellate review or without merit (CPL 470.05 [2]; *People v Guy,* 121 AD2d 741; *People v Rawlings,* 144 AD2d 500; *People v Ogelsby,* 128 AD2d 556; *People v Williams,* 46 NY2d 1070; *People v Hardy,* 109 AD2d 802). Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.