■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWER, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Pesce, J.), both rendered January 16, 1990, convicting him of robbery in the first degree under Indictment Number 3569/87, and robbery in the first degree under Indictment Number 5131/87, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are reversed, on the law, and the matters are remitted to the Supreme Court, Kings County, to afford the defendant the opportunity to withdraw his pleas of guilty.

On September 14, 1988, the defendant was convicted of robbery in the second degree under Kings County Indictment Number 3329/87 after a jury trial. He was sentenced as a second felony offender to a prison term of 5 to 10 years.

On April 18, 1989, while his appeal in that case was pending, the defendant pleaded guilty to the top count (robbery in the first degree) in each of the two indictments that are the subject of this appeal. During the plea proceedings, the People requested that the court impose concurrent terms of imprisonment with respect to the instant two indictments. The People also requested that the sentences run consecutively to the sentence previously imposed upon the defendant's conviction after trial. The trial court rejected the People's latter request, and made the following sentence commitment:

"THE COURT: Mr. Brower, when you return for you [sic] sentence, sentence on each of these cases will be six to twelve years in jail, concurrent with each case and concurrent with the five to ten you are doing now.

"Do you understand that?

"THE DEFENDANT: What?

"THE COURT: The extra you would be doing is one to two years from the five to ten you are doing now. Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand that?

"THE DEFENDANT: Yes."

On January 16, 1990, the defendant was sentenced, as promised, to concurrent terms of 6 to 12 years imprisonment on the instant two indictments. The sentences were also made to run concurrently with the term of 5 to 10 years imprisonment he was then serving upon his prior conviction. Thereafter, on February 13, 1990, this court reversed the defendant's

September 14, 1988, conviction under Indictment Number 3329/87 because of errors committed during the trial, and a new trial was ordered (see, People v Brower, 158 AD2d 527). The defendant contends that he must be allowed to withdraw his pleas of guilty in order to give effect to the trial court's promise of concurrent terms of imprisonment.

The defendant's pleas were induced by the understanding that the sentences would be concurrent with the sentence imposed for his prior conviction. Since the prior conviction has been set aside, the defendant must be given the opportunity to withdraw his pleas (see, People v Fuggazzatto, 62 NY2d 862; People v Clark, 45 NY2d 432). Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.