■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN STEVENS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J., at trial; Lange, J., at sentence), rendered March 17, 1989, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to establish the chain of custody of the bag of crack cocaine vials found in his possession. Initially, we note that the issue is unpreserved for appellate review because the evidence was admitted without objection from the defendant (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 248-252). In any event, we find that the record demonstrates that the evidence admitted at trial was the same bag of crack cocaine vials found in the defendant's possession, and that its condition was unchanged (see, People v Julian, 41 NY2d 340, 343; People v Donovan, 141 AD2d 835, 836-837).

Also unpreserved for appellate review is the defendant's argument that the trial court improperly allowed testimony of uncharged crimes since the defendant consented to the curative instructions given and requested no further instructions (see, People v Medina, 53 NY2d 951, 953; People v Guy, 121 AD2d 741, 742). Mangano, P. J., Thompson, Rosenblatt and Copertino, JJ., concur.