■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, LAWRENCE TERRY, Appellant. [618 NYS2d 712] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered May 6, 1992, convicting defendant, after a trial by jury, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him to concurrent terms of 7 to 14 years and 3½ to 7 years, respectively, unanimously reversed, on the law, and the matter remanded for a new trial.

Police Officer Bevacqua testified that, on the night of January 4, 1991, he observed defendant through binoculars from the roof of a four story building while defendant accepted money from two women, walked over to a garbage can, took a brown bag from under the can and gave vials to each of the women. At that point Bevacqua radioed a description of defendant to his colleagues. Lieutenant Hickey testified that he received Bevacqua's transmission and arrested defendant at the scene about 10 minutes later, recovering six dollars from defendant's person and 23 crack vials from under the garbage can.

On cross-examination of each police officer, defense counsel attempted unsuccessfully to elicit details of the arrest of another man who was arrested at the same time and place as defendant. Other than the mere fact of the other arrest, the prosecution's objections to all questions relating to the details of that arrest were sustained. Nevertheless, on redirect examination of Lieutenant Hickey, the prosecutor was permitted to elicit the Lieutenant's statement that the two arrests were not related. However, on defense counsel's attempt to pursue the area on re-cross, the prosecutor's objections were again sustained.

Defendant testified that when he was arrested he was waiting for a friend, who also testified, and that, although he had 30 dollars of his own, the police took six dollars from the other man who was arrested and announced that it was defendant's. He was told that he had been arrested for a sale to an undercover officer. Defendant denied that he had any connection with the drugs found under the garbage can. In rebuttal, Police Officer Valente testified that he had been observing the scene from the same rooftop as Officer Bevacqua and that he had primarily watched the other arrestee, who did not resemble defendant, as he made a drug sale. On cross-examination, defense counsel elicited Valente's testimony that the other arrestee had walked in the direction of the garbage can which was defendant's alleged "stash", but that the other arrestee's "stash" was separate.

We find that the limitations placed on counsel's cross-examination of Officer Bevacqua and Lieutenant Hickey deprived defendant of a fair trial. Where the prosecution's witnesses testify to facts tending to prove that the defendant constructively possessed contraband and the defense theory is that another or others were the actual possessors of the contraband, the defendant is entitled to a reasonable opportunity to explore the details of the relationship of the others to the

contraband *(see, People v Pettaway,* 153 AD2d 647, 648). In this case, given the proximity in time and place of the two arrests and the fact that they both took place pursuant to observations made from a long distance, at night, it was improper for the court to reject out-of-hand the possibility that defense counsel would be able to elicit relevant testimony concerning the other arrest. Thus, defense counsel was clearly entitled to a reasonable opportunity to explore the seminal issues of the officers' credibility and reliability regarding which of the arrestees had been connected to the drugs beneath the garbage can as well as which arrestee actually possessed the six dollars which the police officers testified was taken from defendant *(see, People v Garriga,* 189 AD2d 236, 242, *lv denied* 82 NY2d 718).

Moreover, even had the officers' direct testimony given no basis to believe that the second arrest was relevant to the issues at trial and the court's original ruling been proper, once the prosecutor had elicited the Lieutenant's conclusory statement that the two arrests were not connected, defense counsel was clearly entitled to explore the second arrest on re-cross.

We must reject the prosecutor's argument that defendant's ability to cross-examine the rebuttal witness on this issue sufficiently protected the defendant's rights. One of the purposes of cross-examination is to bring out inconsistencies among various witnesses to the same event, thereby demonstrating a lack of credibility. By permitting defense counsel to cross- examine only one witness, the court completely undermined this strategy.

Nor can we find that the court's error was harmless. Indeed, the jury was clearly concerned about this area, since it inquired during deliberations whether the prosecutor could have elicited the details of the second arrest had she wanted to. In spite of defense counsel's request that the court inform the jury that the prosecutor could have explored this area, the court merely told the jury not to speculate. Under these circumstances, and in light of the direct relationship between the subject of the questions which were disallowed and the defense theory, the error may not be deemed harmless. Concur—Ellerin, J. P., Ross, Asch, Rubin and Williams, JJ.