■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ORTIZ, Appellant. [767 NYS2d 605]—

Judgment, Supreme Court, Bronx County (Barbara Newman, J.), rendered March 29, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to a term of 6½ to 13 years, unanimously affirmed.

The court properly exercised its discretion (*see Delaware v Van Arsdall,* 475 US 673, 678-679 [1986]) in precluding cross-examination of the undercover officer as to a John Doe name he used in connection with an unrelated drug purchase on the day in question (*see People v Gomez,* 236 AD2d 268 [1997], *lv denied* 89 NY2d 1012 [1997]; *compare People v Terry,* 209 AD2d 257 [1994], *lv denied* 85 NY2d 914 [1995]). Defendant's theory of relevance was highly speculative.

Although some of the remarks made by the prosecutor in summation exceeded the limits of permissible comment, they did not deprive defendant of a fair trial and there was no pattern of egregious misconduct warranting reversal (*see People v D'Alessandro,* 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). We note also that the court gave a curative instruction that was reiterated in the final charge. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Friedman, JJ.