THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE BADIA, Appellant. [942 NYS2d 114]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J., at first jury trial; Edwin Torres, J., at second jury trial and sentencing), rendered November 2, 2006, convicting defendant of criminal possession of a controlled substance in

the first and third degrees, and sentencing him to an aggregate term of 25 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

The court unduly restricted defendant's cross-examination of a People's witness concerning the police investigation into a participant in the crime. Initially, we note that the court erred in concluding that it was "bound by the strictures" of the ruling on this issue made by the court that presided over defendant's first trial, in which the jury failed to reach a verdict. On retrial, the court had full discretion to make its own determination (*see People v Evans*, 94 NY2d 499 [2000]).

In any event, regardless of whether the prior court's ruling limiting defendant's cross-examination was law of the case on the retrial, that ruling was error, and defendant is entitled to a new trial. In light of the defense theory that defendant had unwittingly agreed to aid in the drug enterprise at the other participant's behest, the defense should have been given the opportunity to explore what the police investigation of the other participant had revealed (*see e.g. People v Terry*, 209 AD2d 257 [1994], *lv denied* 85 NY2d 914 [1995]; *People v Garriga*, 189 AD2d 236, 242 [1993], *lv denied* 82 NY2d 718 [1993]).

The limitations on cross-examination were serious enough to impact defendant's constitutional rights to present a defense and to confront the witnesses against him (*see Chambers v Mississippi*, 410 US 284, 294 [1973]). While defendant did receive some opportunity to pursue his line of defense, the additional information defendant sought to elicit was critical to that defense, and the error was not harmless. We have considered and rejected the People's preservation arguments.

In light of our remand for a new trial, we do not address defendant's remaining contentions, except that we find that defendant's pro se suppression claims are without merit. Concur— Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.